J-S41030-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM J. WARD, | : | |
| | : | |
| Appellant | : | No. 3454 EDA 2013 |

Appeal from the PCRA Order November 15, 2013,
Court of Common Pleas, Lehigh County,
Criminal Division at No. CP-39-CR-0003343-2011

BEFORE: BOWES, DONOHUE and MUNDY, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED JULY 29, 2014**

Appellant, William Ward ("Ward"), appeals from the order entered on November 15, 2013 by the Court of Common Pleas, Lehigh County, dismissing his amended petition for relief pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. For the reasons set forth herein, we affirm.

On June 17, 2011, Crystal Van Gorden ("Van Gorden") called Bethlehem Police Department to report that her friend and co-worker, Trisha Sadler (the "Victim"), failed to report to work for two days. N.T., 10/8/12, at 27. Van Gorden stated that it was unusual for the Victim to not come to work and further provided that the Victim told her to call the police if she did not show up to work because Ward had threatened to kill her. *Id.* at 27-28. The Bethlehem Police Department dispatched two officers, Officer Trevezo

and Officer Rodriguez, to the Victim's home to check on her welfare.  *Id.* at 29.

The officers did not receive an answer when they knocked on the doors and announced their presence or when they called Ward's cell phone and the Victim's cell phone.  *Id.* at 29.  Officer Rodriguez found an open window and looked inside.  *Id.*  Ward charged at him while swinging an unidentified object.  *Id.* at 30.  Officer Rodriguez retreated from the window.  N.T., 10/8/12, at 30.

The officers noticed a "putrid smell" coming from the house.  *Id.*  The officers then established a perimeter around the house and contacted the Bethlehem Police Emergency Response Team ("ERT").  *Id.* at 30-31.  The ERT entered the house after an extended stand-off.  *Id.* at 31.  Upon the ERT's entry, Ward yelled, "You won't take me alive" and sprayed an officer with pepper spray.  *Id.*  The ERT took Ward into custody following extensive efforts to apprehend him, including shooting him with less than lethal bean bag rounds, employing gas canisters, and tasering him.  *Id.* at 31-32.

While clearing the house, police officers "observed a significant amount of blood in the front bedroom […] [as well as] large, black trash bags."  N.T., 10/8/12, at 32.  Police officers ultimately discovered the Victim's dismembered body in the trash bags.  *Id.*  "[Ward] was arrested and charged with criminal homicide, eight counts of aggravated assault, four

counts of recklessly endangering another person, and resisting arrest." PCRA Court Opinion, 11/15/13, at 3.

On October 8, 2012, Ward pled guilty but mentally ill to the charge of murder in the first degree. N.T., 10/8/12, at 7, 18. Ward waived a pre-sentence investigation report and elected to be sentenced that day. *Id.* at 47. The trial court sentenced Ward on the same date to life imprisonment without parole. *Id.* at 67.

On March 20, 2013, Ward filed a *pro se* PCRA petition. N.T., 8/13/13, at 4. Attorney Robert Long was appointed on March 26, 2013 and filed an amended PCRA petition on May 24, 2013, raising two claims: (1) that trial counsel, Attorney Earl Supplee, provided ineffective assistance of counsel, which unlawfully induced him to plead guilty, and (2) that his guilty plea was unlawfully induced because it was not made knowingly, intelligently, or voluntarily, due to his mental illness. PCRA Court Opinion, 11/15/13, at 8. On August 8, 2013, an evidentiary hearing was held on the amended PCRA petition. On November 15, 2013, the PCRA court dismissed Ward's amended PCRA petition, finding no merit to his allegations. *Id.* at 8. Ward timely filed a notice of appeal on December 9, 2013.

On appeal, Ward raises two issues for our determination:

1. Did the [PCRA] court err in failing to find trial counsel ineffective for the following reasons:

   A. Failing to discuss psychiatric reports with [Ward] prior to his plea;

- 3 -

     B. Failing to introduce psychiatric evidence to show that [Ward] lacked the intent required for a murder in the first degree conviction or plea;

     C. Advising [Ward] to plead guilty to murder in the first degree when he lacked the intent required for a murder in the first degree conviction or plea.

  2.    Did the PCRA Court err by failing to find that [Ward's] guilty plea was involuntary and unlawfully induced for the above stated reasons?

Ward's Brief at 4.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's findings of fact, and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011) (citing *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005), *appeal denied*, 42 A.3d 1059 (2012)).  A PCRA petitioner must establish the claim by a preponderance of the evidence.  *Commonwealth v. Gibson*, 925 A.2d 167, 169 (2007). Credibility determinations made by the PCRA court are binding on this Court where there is support in the record for the determination. *Commonwealth v. Timchak*, 69 A.3d 765, 769 (Pa. Super. 2013) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

For his first issue on appeal, Ward claims that Attorney Supplee provided ineffective assistance of counsel for "failing to introduce psychiatric evidence to show that [Ward] lacked the intent required for murder in the

first degree conviction or plea and advising [Ward] to plead guilty to murder in the first degree when he lacked the intent required for a murder in the first degree conviction or plea." Ward's Brief at 8.

The test for ineffectiveness of counsel requires the petitioner to meet a three-prong test: (1) underlying the petitioner's allegation of ineffectiveness, there is a legal claim of arguable merit; (2) petitioner's counsel had no reasonable strategic basis for proceeding as he did; and (3) the petitioner was prejudiced by counsel's ineffectiveness. ***Commonwealth v. Clark***, 961 A.2d 80, 85 (2008). Failure to meet any one of the three prongs is fatal to petitioner's claim for ineffectiveness. ***Id.***

With respect to the second prong of this test, our Supreme Court has held:

> Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. Where matters of strategy and tactics are concerned, a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued.

***Commonwealth v. Charleston***, ___ A.3d ___, 2014 WL 2557575, at *5 (Pa. Super. June 6, 2014) (citing ***Commonwealth v. Spotz***, 84 A.3d 294, 311-12 (Pa. 2014)).

- 5 -

At the PCRA hearing, Attorney Supplee provided extensive testimony regarding the strategy he and Ward agreed upon. Attorney Supplee testified that he met with Ward 10 to 11 times during the course of his representation, and discussed possible defenses with Ward. N.T., 8/13/13, at 39-41. Attorney Supplee and Ward initially determined that an insanity defense would be the most likely defense to succeed. *Id.* As a result, Attorney Supplee employed Dr. Gordon, a psychologist, and Dr. Rushing, a psychiatrist, to examine Ward and provide reports. *Id.* at 41-43. Attorney Supplee testified that he discussed each report with Ward and that in his opinion, Ward understood what he was talking about when he discussed the reports with him. *Id.* at 43-44. Attorney Supplee testified that each of the reports supported an insanity defense. *Id.* at 56. However, Attorney Supplee advised Ward to plead guilty but mentally ill to murder in the first degree, rather than go to trial and introduce evidence that Ward lacked the necessary intent for murder in the first degree for the following reasons.

First, Attorney Supplee testified that there was a possibility that the insanity defense would not succeed. The Commonwealth's psychological expert, Dr. Michal, provided a report that indicated that Ward "had no disease of the mind that rendered him incapable of knowing the nature and quality of his actions and he knew what he had done was wrong." *Id.* at 23. This report did not support an insanity defense. N.T., 8/13/13, at 56. Furthermore, Ward's prior prison records contained several psychological

reports. *Id.* at 45, 47. There were no indications of psychosis or mental health issues that were beneficial to an insanity defense in those reports. *Id.* at 47. Ward's parole records also contained reports and analyses of his mental health from 1999 until 2011 when he killed the Victim. *Id.* at 48-49. These reports and analyses did not contain any information that would have supported his insanity defense. *Id.* at 49. Adding to Attorney Supplee's concern regarding the psychological reports, the Commonwealth provided a reciprocal witness list that included 30 witnesses. *Id.* at 45. Attorney Supplee expressed concern that the witnesses would rebut an insanity defense. N.T., 8/13/13, at 48.

Second, in addition to potential problems with the psychological reports, Attorney Supplee testified that he advised Ward to plead guilty but mentally ill because of his concerns about going to trial. Included among his concerns was the possibility that the jury could presume specific intent to kill in this instance because Ward used a deadly weapon on a vital portion of the Victim's body to kill her. *Id.* at 52. Ward's actions, including dismembering the Victim's body and fighting with the police, were also concerning because of the potential that these actions would be "construed as an attempt to cover up the crime […] [and] consistent with someone who is aware of their behavior," thereby creating a problem with an insanity defense. *Id.* at 52-53.

According to Attorney Supplee, Ward also had concerns about going to trial. Ward conveyed to Attorney Supplee that he did not want to go to trial. *Id.* at 46. "He didn't want to go through the events again, to re-live everything that happened." *Id.* He further expressed that he "wanted to have the guilty but mentally ill designation as opposed to just straight guilty of first degree murder and multiple aggravated assaults." *Id.* at 47, 62. Ward "wanted to make sure he got treatment." N.T., 8/13/13, at 47. Based upon his discussions with Ward and consideration of the factors discussed above, Attorney Supplee determined that it would be best for Ward to plead guilty but mentally ill to murder in the first degree.

Finally, Attorney Supplee testified that he discussed other potential defenses with Ward, including a diminished third degree defense. *Id.* at 46. However, Attorney Supplee considered Ward's five aggravated assault charges, which could potentially lead to an additional 25 to 50 years of imprisonment to run consecutive to the sentence on third degree murder. *Id.* at 46, 64. This would be akin to a life sentence. *Id.* at 64. Thus, instead of risking a conviction on first degree murder with no mental health, in addition to the aggravated assault charges, Attorney Supplee did not recommend pursuing this defense and instead, advised Ward to plead guilty but mentally ill. *Id.* at 46, 60.

The PCRA court determined that Attorney Supplee provided competent advice to Ward and that Ward voluntarily entered the guilty but mentally ill

plea. PCRA Court Opinion, 11/15/13, at 9. The record supports the PCRA court's decision. Attorney Supplee had a reasonable strategic basis for proceeding as he did and therefore provided effective assistance to Ward. As a result, Ward has not satisfied the second prong of the ineffectiveness of counsel test. Failure to meet any prong of the ineffectiveness of counsel test is fatal to a claim of ineffectiveness. *Clark*, 961 A.2d at 85. Therefore, it is unnecessary to address the remaining two prongs. We affirm the PCRA court's denial of relief based on a claim of ineffectiveness of counsel.

For his second issue on appeal, Ward alleges that his guilty plea was involuntary and unlawfully induced because of Attorney Supplee's ineffectiveness. Given our disposition that Attorney Supplee provided effective assistance, we conclude that Ward's second issue on appeal is meritless. Accordingly, we do not disturb the PCRA court's ruling.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2014