J-S31023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LAMONT FULTON, | : | |
| | : | |
| Appellant | : | No. 2168 EDA 2013 |

Appeal from the PCRA Order Entered July 11, 2013,
In the Court of Common Pleas of Philadelphia County,
Criminal Division, at No. CP-51-CR-0413241-2002.

BEFORE:  BOWES, SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 30, 2014**

Appellant, Lamont Fulton, appeals from the order entered on July 11, 2013, that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

Following a bench trial, which was held on March 8, 2006, Appellant was found guilty but mentally ill of first-degree murder and guilty of possession of an instrument of crime ("PIC").  On May 8, 2006, the trial court sentenced Appellant to a term of life imprisonment without the possibility of parole on the murder conviction and a concurrent term of two and one-half to five years of incarceration for the PIC conviction.  Appellant filed a direct appeal to this Court, and in a memorandum filed on November 16, 2007, this Court affirmed Appellant's judgment of sentence.

*Commonwealth v. Fulton*, 1535 EDA 2006, 944 A.2d 791 (Pa. Super. November 16, 2007) (unpublished memorandum). Appellant did not pursue an appeal in the Pennsylvania Supreme Court.

On August 11, 2008, Appellant filed a PCRA petition seeking the reinstatement of his right to file a petition for allowance of appeal with the Pennsylvania Supreme Court. Counsel was appointed, and on December 18, 2009, the PCRA court reinstated Appellant's right to seek allowance of appeal in the Supreme Court. On August 11, 2010, the Supreme Court denied Appellant's petition. *Commonwealth v. Fulton*, 3 A.3d 670 (Pa. 2010).

On September 17, 2010, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, and Appellant filed an amended PCRA petition on May 9, 2012. On May 3, 2013, pursuant to Pa.R.Crim.P. 907, the PCRA notified Appellant of its intent to dismiss the PCRA petition without a hearing. The PCRA court dismissed Appellant's PCRA petition in an order filed on July 11, 2013. On July 29, 2013, Appellant filed a timely appeal.

On appeal, Appellant raises the following issue:

> Whether the PCRA Court erred by denying appellant PCRA relief for ineffective assistance of counsel because appellant was suffering from a serious mental illness at the time of the offense and counsel failed to pursue a claim of diminished capacity.

Appellant's Brief at 3.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011) (citing ***Commonwealth v. Berry***, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id***. (citing ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

When considering an allegation of ineffective assistance of counsel, counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) Appellant was prejudiced by counsel's action or omission. ***Commonwealth v. Pierce***, 527 A.2d 973, 975-976 (Pa. 1987). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different." ***Commonwealth v. Wallace***, 724 A.2d 916, 921 (Pa. 1999). A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. ***Commonwealth v. Williams***, 863 A.2d 505, 513 (Pa. 2004) (quoting ***Commonwealth v. Rush***, 838 A.2d 651, 656 (Pa. 2003)).

When a defendant asserts a diminished capacity defense, he is attempting to prove that he was incapable of forming the specific intent to kill, and if he successfully proves that he could not form the specific intent to kill, first degree murder is mitigated in gradation to third degree murder. **Commonwealth v. Legg**, 711 A.2d 430, 433 (Pa. 1998). Therefore, the defendant must admit criminal culpability, but seek only to reduce the degree of guilt. **Id**. (citations omitted). However, diminished capacity is an extremely limited defense. **Id**.

Here, Appellant claims that his trial counsel was ineffective "in failing to present a defense of diminished capacity." Appellant's Brief at 12. The PCRA court concluded that this issue was meritless, and contrary to Appellant's claim, the court found that trial counsel vigorously pursued a diminished capacity defense. Trial Court Opinion, 10/15/13, at 2. The PCRA court found that during trial, counsel offered Appellant's medical records, prison mental health records, and the competency evaluation performed by Dr. O'Brien wherein Dr. O'Brien "noted a past history of mental treatment, and noted that [Appellant] suffers a 'mental health illness.'" **Id**. at 3 (citing N.T. 3/8/06, pg. 109). The PCRA court found that trial counsel both conducted a complete investigation of Appellant's mental health history and argued that his mental illness prevented Appellant from possessing the specific intent to kill. **Id**. The PCRA court stated that the trial court

considered this evidence concerning Appellant's mental health, but it concluded that Appellant was able to form the specific intent to kill. *Id*. Ultimately, the PCRA court determined that trial counsel had pursued a diminished capacity defense, and therefore, Appellant was entitled to no relief.[1] We agree.

The record reveals that trial counsel pursued a diminished capacity defense and provided supporting documentation in the form of Appellant's mental health evaluations, diagnoses, opinions, and medical records. N.T., Trial, 3/8/06, at 108-110. Moreover, trial counsel argued that, should the trial court find Appellant guilty, in light of Appellant's mental health issues which are supported by the aforementioned documents, the conviction should only be for third-degree murder due to Appellant's mental health. *Id*. at 160-164. For these reasons, we agree with the PCRA court and

---

[1] In its opinion, the PCRA court provided an alternative basis for denying Appellant relief under the PCRA and concluded that Appellant's issue was previously litigated on direct appeal. PCRA Court Opinion, 10/15/13, at 3. On direct appeal, Appellant argued that the trial court erred in entering a verdict of guilty but mentally ill on the charge of first degree murder. *Fulton*, 1535 EDA 2006, 944 A.2d 791 (unpublished memorandum at *7). Appellant based this claim on his schizophrenia diagnosis and averred that his mental illness prevented him from forming the specific intent to kill and the first-degree murder conviction should have been graded as murder in the third degree. *Id*. However, in his PCRA petition, Appellant alleged that trial counsel was ineffective for failing to pursue a diminished capacity defense. While the arguments contain related terms, we conclude that the issue presented here is separate from that presented on direct appeal, and we decline to conclude that the issue was previously litigated.

conclude that there is no merit to Appellant's argument that trial counsel failed to raise diminished capacity defense. We discern no error in the PCRA court's order denying relief, and therefore, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/2014