J-S25015-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DOUGLAS ELTON EWING | |
| Appellant | No. 2111 MDA 2012 |

Appeal from the PCRA Order November 13, 2012
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000004-2009

_____

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DOUGLAS ELTON EWING | |
| Appellant | No. 2134 MDA 2012 |

Appeal from the PCRA Order November 13, 2012
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000005-2009

BEFORE:  OTT, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED SEPTEMBER 08, 2014**

Douglas Elton Ewing brings these consolidated appeals from the orders

entered on November 13, 2012, in the Court of Common Pleas of Bradford

County that denied, after an evidentiary hearing, his petitions filed pursuant

to the Pennsylvania Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546. Ewing claims that trial counsel was ineffective for (1) "failing to investigate or present medical testimony that would have tended to exculpate [him]," and (2) "failing to call a witness at trial who would have provided testimony regarding the complainant's motive to falsely accuse [him]."[1]  Based upon the following, we affirm.

Around 2000, Ewing began sexually assaulting his live-in girlfriend's nine-year-old daughter, S.V., and, on some occasions, he sexually assaulted S.V.'s seven-year-old friend, C.S., who often visited Ewing's home to play with S.V.  In 2008, S.V. disclosed that Ewing frequently sexually assaulted her over a period of approximately eight years, and that he did the same to C.S. on a few occasions.  C.S. later disclosed that Ewing engaged her in oral sex and other sexual acts.

Ewing was charged at CR-0000004-2009 for crimes perpetrated upon S.V., and at CR-0000005-2009 for crimes perpetrated upon C.S.  The cases were consolidated for trial, and a jury trial was held on May 1, 2009.  At CR-0000004-2009, Ewing was found guilty of rape of a minor, attempted rape of a minor, involuntary deviate sexual intercourse, aggravated indecent assault, and eight counts of corruption of minors. At CR-0000005-2009, Ewing was found guilty of involuntary deviate sexual intercourse, aggravated

_____

[1] Ewing's Brief at 7.

indecent assault, and corruption of minors. Ewing was sentenced to 29 to 66 years' imprisonment at CR-0000004-2009, and 14 to 32 years' imprisonment at CR-0000005-2009, for an aggregate term of imprisonment of 43 to 98 years. On direct appeal, this Court affirmed the judgments of sentence. **See Commonwealth v. Ewing**, 23 A.3d 1094 (Pa. Super. 2011) [1711 MDA 2009] (unpublished memorandum, filed January 24, 2011); **Commonwealth v. Ewing**, 24 A.3d 448 [1712 MDA 2009] (Pa. Super. 2011) (unpublished memorandum, filed February 9, 2011).

On May 23, 2011, Ewing filed *pro se* PCRA petitions at the separate docket numbers, referenced above. Counsel was appointed and amended petitions were filed by counsel on behalf of Ewing. On April 3, 2012, and April 20, 2012, the PCRA court conducted an evidentiary hearing, and, thereafter, denied PCRA relief. This consolidated appeal followed.[2, 3]

Preliminarily, we state the principles that guide our review:

> Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's findings of fact, and whether the PCRA court's determination is free of legal error. **Commonwealth v. Phillips**, 2011 PA Super 231, 31 A.3d 317, 319 (Pa. Super. 2011) (citing **Commonwealth v. Berry**, 2005 PA Super 219, 877 A.2d 479, 482 (Pa. Super. 2005)),

---

[2] Ewing timely complied with the court's orders to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Although the PCRA judge did not author a Rule 1925(a) opinion due to his retirement, the reasons for his ruling are fully set forth in his orders denying PCRA relief.

[3] By *per curiam* order of December 18, 2012, this Court consolidated *sua sponte* the appeals at 2111 MDA 2012 and 2134 MDA 2012.

*appeal denied*, 615 Pa. 784, 42 A.3d 1059 (2012). A PCRA petitioner must establish the claim by a preponderance of the evidence. ***Commonwealth v. Gibson***, 592 Pa. 411, 415, 925 A.2d 167, 169 (2007).

The essence of a claim of ineffective assistance of counsel is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect. ***Commonwealth v. Collins***, 585 Pa. 45, 59, 888 A.2d 564, 572 (2005). As originally established by the United States Supreme Court in ***Strickland v. Washington***, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted by Pennsylvania appellate courts, counsel is presumed to have provided effective representation unless a PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome at trial if not for counsel's error. ***See, e.g., Commonwealth v. Natividad***, 595 Pa. 188, 207, 938 A.2d 310, 321 (2007); ***Commonwealth v. Steele***, 599 Pa. 341, 961 A.2d 786, 796 (2008); ***Commonwealth v. Dennis***, 597 Pa. 159, 950 A.2d 945, 954 (2008); ***Commonwealth v. Franklin***, 2010 PA Super 24, 990 A.2d 795, 797 (Pa. Super. 2010).

To satisfy the prejudice prong of this test when raising a claim of ineffectiveness for the failure to call a potential witness at trial, our Supreme Court has instructed that the PCRA petitioner must establish that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew, or should have known, of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial. ***Commonwealth v. Sneed***, 616 Pa. 1, 22-23, 45 A.3d 1096, 1108-09 (2012) (citing ***Commonwealth v. Johnson***, 600 Pa. 329, 351, 966 A.2d 523, 536 (2009) and ***Commonwealth v. Clark***, 599 Pa. 204, 222, 961 A.2d 80, 90 (2008)).

***Commonwealth v. Wantz***, 84 A.3d 324, 331 (Pa. Super. 2014).

- 4 -

Ewing argues trial counsel was ineffective for failing to investigate and present the medical testimony of Dr. John Weis, his primary care physician beginning September 16, 1999. Ewing also claims counsel was ineffective for failing to call as a witness R.W., S.V.'s half-brother, who is two years younger than S.V. Ewing maintains that these witnesses "would have further explained some critical defense claims regarding [Ewing's] health and S.V.'s motive to fabricate the allegations in this case." Ewing's Brief at 13.

With regard to Dr. Weis, Ewing claims that even though he and his paramour testified to his physical problems, Dr. Weis "would have been vital to the defense because he was able to both explain and verify that [Ewing] had significant physical problems with his back and with erectile dysfunction." Ewing's Brief at 17–18. Ewing further claims Dr. Weis's testimony "would also serve to explain how he was able to father a child during this time frame despite these difficulties." *Id.* at 18. Ewing contends Weis would have also established that Ewing was not malingering when he testified regarding his physical problems, or that his paramour was testifying falsely. *Id.* at 19.

With regard to R.W., Ewing contends R.W.'s testimony "would have benefitted the defense in that his testimony would have given the perspective of a child living within the home when these offenses allegedly occurred." *Id.* at 20. Ewing claims R.W. would have testified that S.V. had a motive to lie about Ewing in order to have him removed from the home,

because she was angry at Ewing over his rules and his forbidding her from spending time with her boyfriend on her birthday. In addition, Ewing argues R.W. could have explained to the jury that he observed only appropriate interactions between Ewing and S.V. *Id.*

Following an evidentiary hearing at which Dr. Weis, R.W., Ewing and trial counsel testified, the PCRA court rejected Ewing's request for PCRA relief, explaining:

> 1. The testimony of Dr. John Weis would not have changed the outcome of the trial. Dr. Weis's testimony established that [Ewing] suffered from erectile dysfunction at the time he is alleged to have committed sexual offenses; however Dr. Weis *treated* the erectile dysfunction over a span of many months. Dr. Weis also treated [Ewing's] chronic back problems. Dr. Weis *did not testify* that either the erectile dysfunction or the back problems would have prevented [Ewing] from committing the offenses. Indeed, during the time in question, [Ewing] fathered a child.
>
> Had Dr. Weis testified at trial, it is likely his testimony would have harmed [Ewing], because the testimony tended to establish that [Ewing] had both the desire and the ability to engage in sexual intercourse.
>
> 2. The testimony of [R.W.] would have been of little probative value, if any. His testimony amounted to no more than his opinion that he observed no out [R.W.] manifestation of sexual abuse being committed by [Ewing]. Further, the testimony which [Ewing] sought to present at trial was that [R.W.] was present *all the time*, and that no sexual contact could have occurred. Defense counsel correctly assessed that [R.W.] could not credibly testify that he was present *all the time*[.]
>
> 3. Trial counsel explained that the testimony of Weis and [R.W.] was cumulative, was established through other witnesses, and was not probative of any issue genuinely in dispute at trial and that he therefore believed the testimony to have no value.

PCRA Court Orders, 11/13/2012.

Based on our review of the record, we agree with the PCRA court's analysis of the proferred testimony of Dr. Weis and R.W. Accordingly, we affirm the orders denying PCRA relief.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2014