J-S59002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
MAURICIO ARRIAZA-REYES, :
:
Appellant : No. 881 EDA 2013

Appeal from the PCRA Order Entered March 5, 2013,
In the Court of Common Pleas of Chester County,
Criminal Division, at No. CP-15-CR-0000353-2011.

BEFORE:  SHOGAN, J., LAZARUS, J. and STRASSBURGER, J.*

MEMORANDUM BY SHOGAN, J.:          **FILED NOVEMBER 25, 2014**

Appellant, Mauricio Arriaza-Reyes, appeals *pro se* from the order entered on March 5, 2013, that denied his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On August 19, 2011, Appellant entered a negotiated guilty plea to four counts of possession of a controlled substance with intent to deliver ("PWID") and one count of criminal conspiracy.  The trial court accepted Appellant's guilty pleas and sentenced him to an aggregate term of twelve and one-half to twenty-five years of incarceration.  Appellant subsequently filed an untimely direct appeal that this Court quashed in an order filed on June 22, 2012.

_____
*Retired Senior Judge assigned to the Superior Court.

On July 2, 2012, Appellant filed a timely PCRA petition, and the PCRA court appointed counsel. On August 9, 2012, counsel filed a ***Turner/Finley***[1] no-merit letter and a petition to withdraw. Pursuant to Pa.R.Crim.P. 907, on December 6, 2012, the PCRA court sent notice to Appellant of its intent to dismiss the PCRA petition without a hearing. On January 29, 2013, Appellant filed objections to the PCRA court's notice of intent to dismiss. On March 5, 2013, the PCRA court dismissed Appellant's PCRA petition.[2] This timely appeal followed.

On appeal, Appellant raises two issues for this Court's consideration:

I. Whether plea counsel rendered ineffective assistance of counsel for failing to advise Appellant of [the] immigration consequences of pleading guilty to felony drug charges?

II. Whether PCRA counsel rendered ineffective assistance of counsel for failing to raise trial counsel's ineffectiveness?

Appellant's Brief at 4 (full capitalization omitted).

---

[1] ***See Commonwealth v. Turner***, 5544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (setting forth the procedure for counsel to withdraw from representing a petitioner in PCRA matters).

[2] In an order filed on May 16, 2013, the PCRA court explained that it had inadvertently failed to specifically grant counsel's petition to withdraw when it dismissed Appellant's PCRA petition in the March 5, 2013 order. Order, 5/16/13, at n.1. Accordingly, in an abundance of caution, the PCRA court held a hearing to determine if Appellant was entitled to the appointment of new counsel. ***Id***. After finding that Appellant was not entitled to the appointment of counsel, the PCRA court concluded that Appellant's issues in his PCRA petition were meritless, and the PCRA court permitted counsel to withdraw. ***Id***.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011) (citing **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id**. (citing **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

In order to succeed on a claim of ineffective assistance of counsel, an appellant must demonstrate: (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice. **Commonwealth v. Pierce**, 786 A.2d 203, 213 (Pa. 2001). Additionally, we have explained that trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. **Commonwealth v. Loner**, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

Here, Appellant first argues that, pursuant to the holding in **Padilla v. Kentucky**, 559 U.S. 356 (2010), plea counsel was ineffective for failing to advise him regarding the consequences that pleading guilty to felony drug charges would have on his immigration status. Appellant's Brief at 12. We conclude that this claim is meritless.

In **Padilla**, the United States Supreme Court held that counsel's failure to advise a client in a criminal case about the possible immigration consequences of a guilty plea constituted a denial of the right to counsel. **Padilla**, 559 U.S at 374. In the case at bar, however, there was no such failure by plea counsel.

The record reveals the following exchange at the guilty plea hearing:

> THE COURT: [Appellant], I accept your pleas. I find them to be knowing, intelligent and voluntarily entered.[3]

> MR. OST-PRISCO [Attorney for the Commonwealth]: Excuse me, Your Honor, before we go any further can we review on the record whether he understands how the proceeding may affect his status in the country?

> THE COURT: Yes. **I think we talked about this before the last time we met.** But when someone has immigration status that means they are not supposed to be in this country or someone has a certain type of tentative immigration status. Convictions of charges such as these are very serious which affects one's immigration status. So if perchance you're here illegally this will lead to -- I can't imagine why it would not lead

---

[3] Part of Appellant's claim is that the trial court accepted his guilty plea, chronologically, seconds prior to being informed of the ramifications that pleading guilty could have on his immigration status. Appellant's Brief at 13. We conclude that this timing claim is meritless. The record reveals that counsel had already advised Appellant of the immigration issues connected with pleading guilty before the plea proceedings began. N.T., 8/9/11, at 14. Thus, while the notes of testimony reflect that the immigration issue was discussed on the record moments after Appellant entered his plea, the record also supports the conclusion that this discussion was not the first time that Appellant was so advised. Counsel stated unequivocally on the record that Appellant had been advised of the ramifications that pleading guilty could have on his immigration status prior to the entry of his plea, and the trial court indicated that the immigration issue had been discussed previously as well. **Id**. at 13, 14.

to your deportation. And you should be aware that this guilty plea will affect your immigration status if you presently have a status that is anything less than legal and permanent.

**Miss Thompson, have you reviewed with him his immigration issue?**

MS. THOMPSON [Defense Counsel]: **Yes, Your Honor.**
**[Appellant] has an immigration detainer and because these charges are punishable by more than a year in jail they're deportable offenses so it is most likely that he would be deported upon the completion of his sentence.**

And we also discussed the fact that he will have to serve at least the minimum of his sentence, twelve and a half years before he would be deported and I believe he understands that.

THE COURT: Do you have any questions about that, sir?

[Appellant]: No, thank you.

THE COURT: He has entered his pleas. At this time you have the right to speak to the Court if there is anything you would like to say before I impose your sentence. You don't have to speak. You may speak.

[Appellant]: No, thank you. I do not wish to say anything. Thank you.

N.T., 8/19/11, at 13-15 (footnote and emphasis added).

Upon review, we conclude that Appellant's argument is meritless. The trial court and plea counsel discussed the fact that Appellant had, prior to entering the courtroom, been advised of the possible consequences a guilty plea could have on his immigration status. The trial court reiterated the importance of this advice, and plea counsel again discussed the possibility of

deportation following a guilty plea. Accordingly, we conclude that Appellant was advised of the possible consequences a guilty plea could have on his immigration status pursuant to **Padilla**, and there is no merit to his claim of ineffective assistance of plea counsel.

In his next issue on appeal, Appellant argues that PCRA counsel was ineffective in failing to raise plea counsel's failure to advise Appellant of the immigration consequences a guilty plea could have. However, as noted above, we concluded that Appellant was advised on the immigration consequences of his guilty plea. Thus, Appellant's underlying claim is meritless, and Appellant's plea counsel cannot be deemed ineffective for failing to raise a meritless argument. **Commonwealth v. Keaton**, 82 A.3d 419, 426 (Pa. 2013).

For the reasons set forth above, we conclude that the PCRA court committed no error. Accordingly, Appellant is entitled to no relief, and we affirm the order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/2014

-6-