**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Andre PHILLIPS, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 1, 2011.

Filed Oct. 28, 2011.

---

David S. Winston, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: STEVENS, P.J., SHOGAN and MUNDY, JJ.

OPINION BY SHOGAN, J.:

Appellant, Andre Phillips, appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546. We affirm.

The trial court summarized the facts of this case as follows:

On July 19, 2005 Complainant Hyung Tyler Kang was returning to his home near 47th and Pine Streets, Philadelphia, PA when he was approached by an unknown male riding a bicycle who stopped and asked Kang for directions. N.T. 5/12/2006 @ 41. Soon thereafter a second male appeared, pointed a gun at Complainant, and ordered him to empty his pockets. Id. @ 41–42. The Complainant complied, giving the assailants his wallet, his cell phone, and a DVD. Kang was then ordered to continue walking and when he arrived home he immediately called police. Id.

Philadelphia Police Officer James DeAngelo responded to the call and obtained information pertaining to the crime from Complainant Kang. Complainant described the perpetrators as African–American males, approximately 18–20 years of age, one wearing a white baseball jersey and a hat, the other wearing a hat, and both riding BMX style bicycles. Kang also described the gun used during the robbery and the items that were taken. DeAngelo relayed this information to police radio dispatch and he and the Complainant began surveilling the area. Id. @ 42–43, N.T. 5/15/2006 @ 6–8.

Officers Gregory Speck and Joseph Sees were patrolling in the vicinity of the robbery when they received the information relayed by Officer DeAngelo and observed the Appellant and his co-defendant, Kareem Somerville, riding BMX bicycles exiting a park near the scene of the robbery. N.T. 5/15/2006 @ 42. Speck testified that Appellant was wearing a white stripped [sic] baseball type jersey and carrying a backpack. Id. Speck and Sees followed the suspects in an unmarked police vehicle and radioed DeAngelo for additional information. Id. While the officers followed, Appellant began looking over his shoulder and the two suspects picked[-up] the rate of speed of their travel. Id. Appellant then shifted the backpack he was carrying from his right shoulder, positioned it on the bicycle in front of him, and then he tossed the backpack underneath a parked car. Id. @ 44–45. Speck and Sees stopped and exited their vehicle, identified themselves as police officers, and arrested Appellant and his co-defendant. Id. @ 45. Police Officer Lloyd Keller arrived soon thereafter and frisked Somerville finding him in possession of a loaded 380 caliber handgun with serial numbers filed off containing five live rounds of ammunition in the handgun, and with one round in the chamber. Id. @ 57, 59, 116–117. Contemporaneously, Officer Speck retrieved the backpack Appellant tossed and found Complainant's DVD and a wallet which contained Complainant's credit cards and his photo Pennsylvania Drivers License. Id. @ 49–50, 56–57, 70.

A stipulation was entered as to Appellant's reputation for peaceful and law-abiding character. It was also stipu-

lated Somerville was not licensed to carry a firearm. Id. @ 126.

Trial Court Opinion, 2/1/07, at 2–3 (footnote omitted).

On July 19, 2005, Appellant was arrested and charged with Robbery, Possessing Instruments of Crime, Criminal Conspiracy and related offenses. On May 15, 2006, at the conclusion of a jury trial, Appellant was convicted of the crimes stated above. On July 12, 2006, the trial court sentenced Appellant to concurrent terms of incarceration of seven and one-half to fifteen years for Robbery and Conspiracy, and two and one-half to five years for Possessing Instruments of Crime.

On March 8, 2008, a panel of this Court affirmed Appellant's judgment of sentence on direct appeal and remanded the case to the trial court for resentencing, in order to correct the trial court's application of the weapons enhancement of the sentencing guidelines. *Commonwealth v. Phillips*, 946 A.2d 103 (2008). On January 21, 2009, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Phillips*, 600 Pa. 745, 964 A.2d 895 (2009).

On March 13, 2009, the trial court resentenced Appellant to an aggregate term of incarceration of seven and one-half to fifteen years. Appellant did not appeal the new judgment of sentence.

On February 4, 2010, Appellant filed a *pro se* PCRA petition and the PCRA court appointed PCRA counsel. On March 3, 2010, PCRA counsel filed an amended PCRA petition alleging trial court error in excluding members of the public from attending Appellant's *voir dire*. On November 30, 2010, the PCRA court denied Appellant's PCRA petition. This appeal followed.

Appellant presents the following issues for our review:

1. The Court's decision to exclude a non-offensive member of the general public from observation of the voir dire process violates provisions of the United States Constitution, Sixth Amendment thereto, as well as the corresponding provision of the Pennsylvania Constitution, and so taints any ensuing trial and judgment flowing therefrom.

2. Regardless of any Pennsylvania statute or decision, the United States Constitution and the Amendments thereto constitute the Supreme Law of the Land.

Appellant's Brief at 3.

Our standard of review for an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa.Super.2005), *appeal denied*, 591 Pa. 688, 917 A.2d 844 (2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa.Super.2001).

In his appellate brief, Appellant presents both of his issues in a single argument. Accordingly, we will address his argument with a single analysis. Essentially, Appellant argues that the PCRA court erred in denying his claim that he was deprived of his Sixth Amendment right to have an open trial when the trial court allegedly precluded certain members of the public from attending *voir dire*. Appellant concedes that, on direct appeal, this Court rejected his argument. *See* Appellant's Brief at 7. Appellant claims, however, that the recent ruling of the United States Supreme Court in *Presley v. Georgia*, —— U.S. ——, 130 S.Ct. 721, 724–725,

175 L.Ed.2d 675 (2010), requires that the issue be revisited.[1] We disagree.

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that the conviction or sentence in question arose from one or more of the errors enunciated by Section 9543(a)(2), and that the issues raised have not been previously litigated or waived. 42 Pa.C.S.A. § 9543(a)(3). An issue is previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue; or ... it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." 42 Pa.C.S.A. § 9544(a)(2), (3). *See also Commonwealth v. Fowler*, 930 A.2d 586, 594 (Pa.Super.2007) (stating that "an issue is not cognizable under the PCRA where the petitioner simply attempts to relitigate, without couching in terms of ineffective assistance, a claim that has already been deemed reviewed on direct appeal.").

The PCRA court concluded that this issue was previously litigated in this Court where we found the issue to be without merit in our March 5, 2008, disposition on direct appeal. PCRA Court Opinion,

2/18/11, at 4. Indeed, our published decision on direct appeal addressed this same issue, which we found to be without merit. *See Phillips*, 946 A.2d at 108–110. In our analysis, we observed that, due to hostile conduct of spectators, "the [trial] court stated it intended to limit future access to the courtroom to 'those who are essential which is family members, close relatives....'" *Id.* at 109. However, we further observed that the notes of testimony from the *voir dire* proceedings do not demonstrate that any individuals were actually denied access to the courtroom. *Id.* at 109–110. Thus, we reviewed this issue and ruled on its merits. Accordingly, because the issue was previously litigated, Appellant is not eligible for PCRA relief on this claim.

Moreover, *Presley* is of no avail to Appellant, because *Presley* was not decided until well after Appellant's direct appeal, and the Supreme Court did not announce that any part of its holding should apply retroactively on collateral review. *See Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001) (holding that a constitutional right newly recognized by the Supreme Court of the United States is made retroactive to cases on collateral review only if that court specifically holds it

1. In *Presley*, a Georgia trial court directed the uncle of the defendant, the sole observer, to leave the courtroom so prospective jurors could be seated without their inadvertent comments being overheard during *voir dire*. *Presley*, 130 S.Ct. at 722. After defense counsel objected, the trial court refused to make accommodation and indicated that the defendant's uncle could come back into the courtroom when the trial commenced. *Id.* After his conviction, the defendant sought a new trial based upon the exclusion of the public from *voir dire*. *Id.* The trial court denied relief, indicating that it was in the trial judge's discretion to decide whether the space was adequate. *Id.* The Georgia state courts affirmed the convictions.

On appeal, the United States Supreme Court noted that the defendant's right to a public trial extended to *voir dire*. *Id.* at 724. The United States Supreme Court reversed the Georgia Supreme Court and held that "trial courts are required to consider alternatives to closure even when they are not offered by the parties" and that "[t]rial courts are obligated to take every reasonable measure to accommodate public attendance at criminal trials." *Id.* at 724–725. However, the United States Supreme Court emphasized that the right to a public trial is not absolute, and "may give way in certain cases to other rights or interests, such as the defendant's right to a fair trial or the government's interest in inhibiting disclosure of sensitive information[.]" *Id.* at 724.

to be retroactively applicable to cases on collateral review); *see also Commonwealth v. Abdul–Salaam,* 571 Pa. 219, 227, 812 A.2d 497, 502 (2002) (same). Further, Federal Courts have refused to apply *Presley* retroactively on collateral review. *See Julian v. Pennsylvania,* 2010 WL 1854121, at *3–4, 2010 U.S. Dist. LEXIS 43004, at *10–11 (W.D.Pa.2010) (stating that *Presley* is not retroactive on collateral review), *Patton v. United States,* 2010 WL 3191887, at *3 n. 4, 2010 U.S. Dist. LEXIS 80913, at *12 n. 4 (W.D.Pa.2010). Therefore, there is no merit to Appellant's claim that *Presley* is applicable to this collateral review case. Accordingly, Appellant's claim fails.

Order affirmed.

