J-S70010-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH ROBERT MANN, JR. | |
| Appellant | No. 196 EDA 2014 |

Appeal from the PCRA Order November 22, 2013
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003611-2005

BEFORE:  LAZARUS, J., MUNDY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED NOVEMBER 25, 2014**

Joseph R. Mann, Jr., appeals from the order of the Court of Common Pleas of Chester County dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

On June 7, 2007, a jury convicted Mann of eight counts of rape and numerous other charges related to sexual abuse he perpetrated over a several-year period against his daughter, his niece and his daughter's friend, all minors.  Mann was sentenced to an aggregate term of 31½ to 63 years' incarceration.  His judgment of sentence was affirmed by this Court on

_____

[*] Retired Senior Judge assigned to the Superior Court.

August 28, 2008 and he did not file a petition for allowance of appeal with our Supreme Court.

On August 3, 2009, Mann filed a *pro se* PCRA petition. The PCRA court appointed Robert P. Brendza, Esquire, to represent Mann. Attorney Brendza filed a **Turner**/**Finley** no-merit letter and a petition to withdraw on October 14, 2009. On November 5, 2009, Mann filed a *pro se* petition for new counsel. On December 14, 2009, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss. He also dismissed Mann's petition for new counsel and authorized Attorney Brendza to withdraw his representation. On December 31, 2009, Mann filed a *pro se* objection to the PCRA court's Rule 907 notice. Neverthless, by order dated January 7, 2010, the PCRA court dismissed Mann's PCRA petition. Mann filed a timely appeal with this Court, in which he alleged that he had wished to raise an allegation of witness recantation/perjury[1] in his PCRA petition, but counsel failed to consult with him. By memorandum decision dated November 15, 2010, this Court reversed and remanded to the PCRA court, directing the court to appoint new counsel for the purpose of filing an amended petition raising the witness recantation claim and ordering the court to hold a hearing on the issue.

_____

[1] Mann alleged that his daughter and her mother contacted him and alleged that the police detective and district attorney pressured them into fabricating the allegations against him.

In accordance with the directive of this Court, on January 11, 2011, the PCRA court appointed Thomas Wagner, Esquire, to represent Mann. However, on June 3, 2011, Mann filed a *pro se* petition for new counsel. On January 12, 2012, the court appointed David Clark, Esquire, to represent Mann. Subsequently, on October 22, 2012, Mann filed yet another *pro se* petition for new counsel, and Ed Gallen, Esquire, was appointed. Although Mann filed another petition for new counsel, on July 1, 2013, Attorney Gallen filed a PCRA petition on Mann's behalf, raising the issue of the victim's alleged recantation. The PCRA court held a hearing on September 26, 2013, at which time Mann's daughter testified that she did not recant her trial testimony. On October 25, 2013, Attorney Gallen filed for leave to withdraw his representation. The PCRA court dismissed Mann's petition by order dated November 22, 2013 and, on December 11, 2013, granted Attorney Gallen's petition to withdraw.

This timely *pro se* appeal follows, in which Mann raises the following questions, *verbatim*, for our review:[2]

1. Was initial PCRA counsel ineffective?

2. Whether or not [Mann's] sentence is illegal in light of **Alleyne** and where he was resentenced without a hearing?

---

[2] Mann presented a third issue, regarding the existence of recantation testimony. However, in the argument portion of his brief, he "concedes that this claim is free of legal error" and provides no argument thereon. Accordingly, we need not address this claim.

Brief of Appellant, at 3.

On appeal from the denial of PCRA relief, our scope and standard of review are well-settled. We are limited to examining whether the PCRA court's findings of fact are supported by the record and whether its legal conclusions are free of error. *Commonwealth v. Haskins*, 60 A.3d 538, 546 (Pa. Super. 2012).

Mann first claims that his original PCRA counsel was ineffective for failing to consult with him and, as a result, Mann claims he was denied his right to raise a claim regarding his daughter's alleged recantation of her trial testimony. Although initial PCRA counsel did not raise this claim, on appeal from the denial of Mann's first PCRA petition, this Court concluded that, because Mann had raised the issue in his *pro se* response to the PCRA court's Pa.R.Crim.P. 907 notice, he should have been granted leave to file an amended PCRA petition raising the issue. Accordingly, we remanded for the appointment of new counsel and the filing of an amended petition raising the claim.

On remand, Attorney Gallen did, in fact, file an amended petition in which he raised the issue of recantation. The PCRA court held a hearing on this claim, at which time Mann's daughter testified that her trial testimony had been true. The PCRA court credited that testimony and denied relief on the claim. Moreover, the PCRA court specifically and repeatedly asked Mann whether there were any other issues he wished to raise, and Mann stated that there were not.

- 4 -

Accordingly, because Mann was given the opportunity to, and did, raise this claim in a subsequent counseled petition, his claim regarding initial PCRA counsel's failure to raise this claim is moot.

Mann's second and final claim is that his sentence is illegal in light of the U.S. Supreme Court's decision in **Alleyne v. United States**, 133 S.Ct. 2151 (2013).[3] In **Alleyne**, the Supreme Court held that any facts leading to an increase in a sentencing floor are elements of the crime and must be presented to the fact-finder and proven beyond a reasonable doubt. Here, Mann was convicted of twenty counts each carrying a mandatory minimum of five years imprisonment pursuant to 42 Pa.C.S.A. § 9718, which imposes mandatory minimums on certain crimes based on the tender age of the victim. Under **Alleyne**, section 9718, as written, was rendered constitutionally infirm because it allowed the sentencing court to determine whether the mandatory minimum applies, and required that the Commonwealth prove the section's applicability by only a preponderance of the evidence.

_____

[3] Mann did not raise this claim in his PCRA petition. Generally, failure to do so would result in waiver of the claim on appeal. However, this Court has held that **Alleyne** claims can present a legality of sentence issue. **See Commonwealth v. Watley**, 81 A.3d 108 (Pa. Super. 2013) (en banc). Accordingly, we may address the claim. Additionally, we note that Mann also asserts that he was improperly resentenced without being present in court. However, a review of the record and the lower court docket does not reveal that Mann was ever resentenced after sentence was imposed on June 22, 2007. Accordingly, we will not address this issue.

This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. *Commonwealth v. Miller*, 2014 Pa. Super. LEXIS 3410, *11-12 (Pa. Super. 2014), citing *Commonwealth v. Phillips*, 31 A.3d 317, 320 (Pa. Super. 2011). Neither our Supreme Court, nor the United States Supreme Court, has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final. *Id.* at *11. Accordingly, Mann is entitled to no relief under *Alleyne*.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/2014