J-S58022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SAMUEL LEE FOSTER, II, | |
| Appellant | No. 707 MDA 2017 |

Appeal from the PCRA Order April 13, 2017
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000522-2013

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:　　　　　　**FILED DECEMBER 18, 2017**

Appellant, Samuel Lee Foster, II, appeals from the order denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The trial court summarized the factual and procedural history of this case as follows:

> [Appellant] was charged with one count of aggravated assault.[1]  A two day jury trial, at which [Appellant] was represented by the Lancaster County Public Defender's Office, commenced on May 6, 2013.  At the conclusion of the trial, [Appellant] was found guilty and, on June 28, 2013, was sentenced to an aggregate term of two to six years incarceration.  [Appellant] is currently serving that sentence.
>
> 　[1] 18 Pa.C.S. § 2702(a)(3).
>
> The incident that gave rise to this charge occurred on September 12, 2012, when [Appellant], an inmate housed in the Medical Housing Unit of Lancaster County Prison, smeared butter

on the lens of the surveillance camera in his cell and then left the cell when a corrections officer came to clean it. In the course of subduing [Appellant] and returning him to his cell, one corrections officer's pant leg was spit upon and that officer was kneed in the groin by [Appellant].

[Appellant] filed a timely notice of appeal and the Superior Court affirmed the judgment of sentence. *Commonwealth v. Foster*, 1385 MDA 2013 (Pa. Super., April 9, 2014). [Appellant's] petition for allowance of appeal was denied on October 24, 2014.

On January 23, 2015, [Appellant] filed a timely *pro se* motion for post conviction collateral relief. The [c]ourt appointed counsel who filed an amended motion for post conviction collateral relief on August 16, 2016, alleging ineffective assistance of counsel. In particular, [Appellant] alleges that his trial counsel was ineffective for neither requesting an instruction on prior inconsistent statements nor objecting when the [c]ourt did not give such an instruction, [and] for failing to request an instruction on the concept of false in one, false in all[.]

An evidentiary hearing was held on January 26, 2017. [Appellant] and the Commonwealth have submitted briefs in support of their respective positions.

PCRA Court's Opinion, 4/13/17, at 1-2.

The PCRA court denied Appellant's amended petition on April 13, 2017.

Appellant filed an appeal on April 24, 2017. The PCRA court and Appellant

complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

A. Whether the lower court erred in denying [Appellant's] amended PCRA when trial counsel was ineffective when he neither requested an instruction on prior inconsistent statements nor objected when the court failed to give such an instruction?

B. Whether the lower court erred in denying [Appellant's] amended PCRA when counsel was ineffective by failing to

request an instruction concerning the concept of false in one and false in all?

Appellant's Brief at 4 (full capitalization omitted).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*.

Appellant first argues that trial counsel was ineffective for failing to request an instruction on prior inconsistent statements, or object when the trial court failed to give such an instruction. Appellant's Brief at 11. Appellant asserts that during cross-examination of Officer Stephen Napolitan, counsel confronted Officer Napolitan regarding inconsistent statements contained in the Officer's report. *Id.* at 12-13. Specifically, Appellant contends that Officer Napolitan was confronted with the fact that his report indicated that the Officer applied an underarm neck hold on Appellant outside of his cell, but Officer Napolitan testified on direct examination that he had applied such neck hold when Appellant was already in the cell. *Id.* at 13. Appellant maintains that although the Pennsylvania Suggested Standard Jury Instructions specifically provide for an instruction pertaining to prior inconsistent statements, counsel neither requested such instruction nor objected when the trial court failed to give it. *Id.* Appellant

further asserts that the trial court's general jury instruction on witness credibility given to the jury "does not excuse trial counsel's decision in this case." *Id.* at 14.

When considering an allegation of ineffective assistance of counsel ("IAC"), counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) petitioner was prejudiced by counsel's action or omission. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a 'reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Commonwealth v. Reed*, 42 A.3d 314, 319 (Pa. Super. 2012). A claim of ineffective assistance of counsel will fail if the petitioner does not meet any one of the three prongs. *Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013). "The burden of proving ineffectiveness rests with Appellant." *Commonwealth v. Rega*, 933 A.2d 997, 1018 (Pa. 2007).

We are mindful that:

> When evaluating the propriety of jury instructions, this Court will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper. We further note that, it is an unquestionable maxim of law in this Commonwealth that a trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of

discretion or an inaccurate statement of the law is there reversible error.

***Commonwealth v. Antidormi***, 84 A.3d 736, 754 (Pa. Super. 2014). (citations omitted). "The trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the [a]ppellant was prejudiced by that refusal." ***Commonwealth v. Sandusky***, 77 A.3d 663, 667 (Pa. Super. 2013).

We first note that aside from Appellant's bald assertion that counsel's decision not to request this instruction was unreasonable and that Appellant was prejudiced by the absence of this instruction, Appellant fails to develop his argument or present pertinent authority to support his position. Accordingly, his first issue is waived. ***Commonwealth v. Charleston***, 94 A.3d 1012, 1021 (Pa. Super. 2014).

Furthermore, Appellant's claim lacks merit. As the trial court explained:

> Although no instruction was requested or given regarding prior inconsistent statements, the [c]ourt gave an extensive charge on witness credibility that clearly, adequately and accurately reflected the law.
>
> > In particular, the Court stated[:]
> >
> > > As judges of the facts, you are the sole judges of the credibility of the witnesses and the witnesses' testimony. This means you must judge the truthfulness and accuracy of each witness' testimony and decide whether to believe all, part or none of that testimony.

The following are some of the factors that you may consider when judging credibility and deciding whether or not to believe testimony . . . .

Did the witness testify in a convincing manner? How did the witness look, act and speak while testifying? Was the witness' testimony uncertain, confused, self-contradictory or evasive? . . .

How well does the testimony of the witness square with the other evidence in the case, including the testimony of other witnesses? Was the witness' testimony contradicted or supported by other testimony and evidence? Does the witness' testimony make sense to you?

If you believe some part of the testimony of a witness is inaccurate, consider whether the inaccuracy casts doubt upon the rest of the witness' testimony. This may depend on whether the witness has been inaccurate in an important matter or a minor detail and on any possible explanation. For example, did the witness make an honest mistake or simply forget, or did the witness deliberately falsify?

While you are judging the credibility of each witness, you are likely to be judging the credibility of other witnesses or evidence. If there is a real irreconcilable conflict, it is up to you to decide which, if any, conflicting testimony or evidence to believe. As sole judges of credibility and fact, you are responsible to give the testimony of every witness and all other evidence whatever credibility and weight you think it deserves.

(N.T. trial, May 7, 2013, at 220-222).

In light of this instruction, trial counsel testified at the PCRA hearing that the Court "adequately, and in great detail, discussed what to take into account on witness credibility" and, therefore, he did not request a specific instruction on prior inconsistent statements. (PCRA hr'g tr., January 26, 2017, at 6). Taken in its entirety, the jury instruction on assessing credibility accurately reflected the law and adequately prepared the jury to

deal with potential inconsistencies between testimony the witness gave at trial and what he wrote in his earlier report even if it did not specifically refer to prior inconsistent statements. The jury was instructed that it was to consider aspects of the testimony and evidence that might have been contradictory and, in assessing potential inaccuracies in the testimony, it should consider whether the inaccuracy was in an important matter or a minor detail. Depending on its determination, the jury could give the testimony whatever weight and credibility was warranted.

Nor is there any reasonable probability that the result would have been different had the instruction been requested and given. As stated in the instructions, the jury was to consider whether inaccuracies in any testimony related to important matters or minor details. The discrepancies in the details of the victim's testimony and his prior written report relate to the precise location and sequence of events unfolding during a struggle between [Appellant] and three corrections officers in which [Appellant] was flailing his arms and legs, trying to climb over a railing outside his cell and resisting commands to return to his cell and get on the floor to be handcuffed. Any inconsistency in exactly where the particular action in question occurred does not relate to any element of the Commonwealth's case, nor was it asserted by trial counsel as a defense. Ultimately, any inconsistency would likely be seen as relatively minor, and there is nothing to suggest that the jury would have assessed the evidence differently had it been instructed on prior inconsistent statements.

Trial Court Opinion, 4/13/17, at 6-8.

The trial court's analysis is supported by the evidence of record. Thus, had Appellant's issue not been waived, we would find that it lacked merit because Appellant has failed to establish all three prongs of an IAC claim. *Spotz*, 84 A.3d at 311.

In his second issue, Appellant argues that trial counsel was ineffective for failing to request an instruction concerning the concept of "false in one,

false in all." Appellant's Brief at 15. Appellant again contends that counsel's reasons for failing to request the instruction cannot be deemed reasonable and that Appellant was prejudiced. *Id.* Appellant further maintains that it was "vitally important" that he received this instruction due to the fact that some of the video evidence of the incident was of poor quality, and as a result, the case boiled down to the credibility of the correctional officers and Appellant. *Id.*

> "False in one, false in all" is a concept for assessing the weight of evidence. The maxim is simply a translation of the Latin phrase "falsus in uno, falsus in omnibus." It currently means that a jury may disregard the testimony of a witness if the jury believes that witness deliberately, or willfully and corruptly, testified falsely about a material issue. The standard jury charge reads:
>
> > If you decide that a witness deliberately testified falsely about a material point [that is, about a matter that could affect the outcome of this trial,] you may for that reason alone choose to disbelieve the rest of his or her testimony. But you are not required to do so. You should consider not only the deliberate falsehood but also all other factors bearing on the witness's credibility in deciding whether to believe other parts of [his] [her] testimony.

*Commonwealth v. Vicens-Rodriguez*, 911 A.2d 116, 117–118 (Pa. Super. 2006) (footnote omitted); Pennsylvania Suggested Standard Jury Instruction (Crim) 4.15. In *Vicens-Rodriguez*, this Court further stated:

> It is true that the "false in one, false in all" charge is a proper statement of the law, and there is no harm if that charge is given. However, we do hold that when a full and complete charge is given on credibility, ... there is no error in failing to give the specific charge.

*Id.* at 120 (footnote omitted).

As the holding in *Vicens-Rodriguez* makes clear, to be entitled to relief, Appellant must demonstrate more than the applicability of the "false in one, false in all" instruction to the facts of the case. Under that authority, Appellant must also establish the inadequacy of the jury instructions actually given on matters addressed by the "false in one, false in all" instruction. Appellant's brief, however, contains no discussion whatsoever of the jury instructions actually given, or their inadequacy in relation to the proposed instruction. A review of the instruction given reflects that a full and complete charge on credibility was given. Thus, we find no error in the trial court's failure to give such a charge or counsel's failure to request such charge. *Vicens-Rodriguez*, 911 A.2d at 120.

Moreover, counsel explained at the PCRA hearing that he decided not to request this instruction as the court's instruction adequately covered consideration of witness credibility. N.T., 1/26/17, at 6-7. Thus, trial counsel had a reasonable basis for his actions, and as a result, Appellant fails to establish the second prong of the IAC test. *Spotz*, 84 A.3d at 311.

Furthermore, the trial court addressed Appellant's claim as follows:

> For many of the same reasons [outlined in addressing Appellant's first issue], [Appellant's] claim that counsel was ineffective for failing to request an instruction on the concept of false in one, false in all also lacks merit.[2] Additionally, it is notable that [Appellant] chose to testify at trial and that his testimony was contradicted by three corrections officers in both direct and rebuttal testimony. Had an instruction been given on false in one, false in all, it would have applied equally and most likely detrimentally to [Appellant]. Further, as with his previous

claim, [Appellant] has failed to demonstrate he was prejudiced by trial counsel's asserted failure to request this instruction.

> [2] This instruction applies to willfully false testimony, not minor inconsistencies or simple lapses in memory.

Trial Court Opinion, 4/13/17, at 8.

We agree with the trial court's analysis. Appellant has failed to establish that if the "false in one, false in all" instruction had been given that the outcome of the trial would have been different. *Reed*, 42 A.3d at 319. Thus, Appellant has not established the prejudice prong of the IAC test. *Spotz*, 84 A.3d at 311. Accordingly, Appellant's claim of IAC on the basis of his failure to request this jury instruction fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2017