J-S04001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DALIYL RAA'ID MUHAMMAD :
:
Appellant : No. 761 MDA 2017

Appeal from the PCRA Order April 7, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002967-2002,
CP-22-CR-0003009-2002

BEFORE: SHOGAN, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.: **FILED MARCH 21, 2018**

Appellant, Daliyl Raa'id Muhammad, appeals *pro se* from the April 7, 2017 order denying his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

A prior panel of this Court set forth the relevant factual history of this case as follows:

> The evidence presented establishes that on the evening of January 13, 2002, James Nickol called appellant in order to purchase marijuana. Appellant indicated he could sell Nickol three pounds of the drug for $2,400, and agreed to meet Nickol later that evening on South 14th Street in Harrisburg, Pennsylvania. Nickol and a companion, Derrick Kleugel, then drove to Harrisburg. Upon their arrival, appellant informed them they would have to walk a few blocks to get the marijuana. Appellant was accompanied by another man, later identified as co-defendant Michael Cameron. At some point while the four men were walking down South 15th Street, appellant and Cameron slowly began to lag behind the victims. Gunfire then rang out and Nickol was shot three times in the back, three

times in the stomach, and once in the hip. Kleugel was shot twice in the back and once in the hip. Nickol testified that immediately after the incident, he felt a burning sensation and fell to the ground. He further testified that appellant then climbed on top of him while holding a shiny object in his hand and demanded money. Kleugel also testified that after he fell, someone searched him and demanded money. N.T., 8/6/03, at 81-83, 85-88, 90-94; N.T., 8/7/03, at 162-164, 166.

Appellant fled the scene before police and emergency personnel responded to the victims. He was apprehended following considerable resistance on July 7, 2002, almost six months later. N.T., 8/7/03, at 179, 182-183, 209-211.

*Commonwealth v. Muhammad*, 860 A.2d 1132, 1767 MDA 2003 (Pa. Super. filed August 17, 2004) (unpublished memorandum at 2-3).

Following a jury trial, Appellant was found guilty of criminal attempt to commit homicide, robbery, conspiracy, two counts of aggravated assault, flight to avoid apprehension, escape, resisting arrest, and false identification to law enforcement.[1]  *Muhammad*, 1767 MDA 2003 (unpublished memorandum at 1). Appellant filed a timely appeal, and on August 17, 2004, this Court affirmed Appellant's judgment of sentence in part and vacated in part. *Id.* This Court concluded that Appellant's convictions for the attempted homicide and aggravated assault on James Nickol should have merged, and therefore, one of his sentences for aggravated assault was vacated. *Id.* at 12. However, we explained that because Appellant was

---

[1]  18 Pa.C.S. §§ 901, 3701(a)(1)(i), 903, 2702(a)(1), 5126, 5121(a), 5104, and 4914(a) respectively. We note that the PCRA court erroneously stated that false identification to law enforcement was a violation of 18 Pa.C.S. § 4906(a). PCRA Court Opinion, 7/10/17, at 1 n.10.

convicted of two counts of aggravated assault for which the trial court imposed concurrent sentences, this Court's disposition did not upset the trial court's sentencing scheme, and thus, remand for resentencing was not required. ***Id.*** (citing ***Commonwealth v. Robinson***, 817 A.2d 1153 (Pa. Super. 2003)). Appellant did not file a petition for allowance of appeal in the Pennsylvania Supreme Court. Therefore, Appellant's judgment of sentence became final on September 16, 2004, when the time to pursue allowance of appeal in our Supreme Court expired. ***See*** Pa.R.A.P. 1113(a) ("a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court or the Commonwealth Court sought to be reviewed."); ***see also*** 42 Pa.C.S. § 9545(b)(3) (a defendant's judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review"). Over the next decade, Appellant filed four PCRA petitions, and each petition was denied.

On October 7, 2016, and October 28, 2016, Appellant filed what were nominally his fifth and sixth PCRA petitions, respectively. These petitions were duplicative in substance, and the PCRA court treated them as a single PCRA petition. PCRA Court Opinion, 7/10/17, at 4. On February 14, 2017, the PCRA court issued notice of its intent to dismiss the petition as untimely.

On April 7, 2017, the PCRA court dismissed the petition, and this timely appeal followed.

On appeal, Appellant raises the following issues:

I. WHETHER THE PCRA COURT DENIED DEFENDANT DUE PROCESS BY REFUSING HIM AN OPPORTUNITY TO AMEND HIS PCRA?

II. WHETHER THE AFFIDAVIT OF JOYETTA FOSTER DETAILING JUDGE CLARK'S BIAS AGAINST MUSLIMS MET THE AFTER DISCOVERED FACTS AND MISCARRIAGE OF JUSTICE EXCEPTIONS AND IS DEFENDANT ENTITLED TO A NEW TRIAL OR REMAND FOR AN EVIDENTIARY HEARING?

III. WHETHER THE PCRA COURT ERRED IN REQUIRING DEFENDANT TO PLEAD/PROVE DUE DILIGENCE UNDER THE GOVERNMENTAL INTERFERENCE EXCEPTION WHEN THE STATUTE DOES NOT CONTAIN SUCH LANGAUGE, AND HAS THE STATE COURTS ESTABLISHED A CLEAR DEFINITION FOR GOVERNMENTAL INTERFERENCE?

IV. WHETHER THE LOSS, ALTERATION, OR FAILURE TO PROVIDE A FULL/COMPLEE COPY OF THE TRIAL PROCEEDINGS BY THE COURT OR ITS OFFICERS AMOUNT TO GOVERNMENTAL INTERFERENCE/MISCARRIAGE OF JUSTICE RENDERING DEFENDANT'S UNDERLYING CLAIM OF DENIAL OF A FAIR TRIAL, APPEAL, JUDICIAL BIAS REVIEWABLE ON THE MERITS, OR A REM, A REMAND FOR AN EVIDENTIARY HEARING?

V. WHETHER THE PCRA COURT ERRED, AS A MATTER OF LAW, IN ITS ASSESSMENT OF THE SUBSTANCE/TIMELINESS OF MICHAEL HILL'S AFFIDAVIT/STATEMENT WHICH MET THE AFTER DISCOVERED FACTS/MISCARRIAGE OF JUSTICE STANDARD: AND IS DEFENDANT ENTITLED TO A NEW TRIAL OR REMAND FOR AN EVIDENTIARY HEARING?

Appellant's Brief at vi (verbatim).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether that court's

determination is free of legal error. **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id**.

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] A petition invoking one of these exceptions must be filed within sixty days of the date the claim first could have been presented. 42

---

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

*(Footnote Continued Next Page)*

Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Hernandez*, 79 A.3d at 652.

We have reviewed the briefs of the parties, the relevant law, the certified record before us, and the PCRA court's opinion. We discern no error in the PCRA court's analysis and conclusion that Appellant's PCRA petition was untimely and that no exceptions to the PCRA's time-for-filing requirements were satisfied. Accordingly, we affirm the April 7, 2017 order based on the PCRA court's opinion, and we adopt its analysis and reasoning as our own. The parties are directed to attach a copy of the PCRA court's July 10, 2017 opinion, which incorporated the PCRA court's February 14, 2017 memorandum opinion, in the event of further proceedings in this matter.

Order affirmed.

*(Footnote Continued)* ———————————

> (ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/21/2018