J-S85031-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| STEVEN DAVID VOGT | |
| Appellant | No. 1010 WDA 2017 |

Appeal from the PCRA Order entered June 23, 2017
In the Court of Common Pleas of Butler County
Criminal Division at No: CP-10-CR-0030816-1990

BEFORE:  BOWES, PANELLA, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    FILED MARCH 28, 2018

Appellant, Steven David Vogt, appeals pro se from the June 23, 2017 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We vacate and remand.

A prior panel of this Court summarized the underlying facts:

> On May 13, 1990, two persons who were scuba diving in a strip mine quarry that had been filled with water, discovered a body in the lake.  In the pocket of a fatigue jacket that the deceased was wearing was a wallet that contained an operator's license belonging to Mr. Francis Landry, and a registration card for his 1985 Nissan Stanza.  Dr. Carl Williams, M.D. testified as a forensic pathologist that the victim, Mr. Landry, suffered a blunt force trauma to the skin surface, to the head, trunk, and the extremities and that death occurred as a result of asphyxiation due to drowning.
>
> On May 12, 1990, Mr. Landry picked up [Michael] Sopo, [Margaret] Zawodniak, and [Appellant] in his blue Nissan in order to take them to his residence in Export.  They drank beer there although Mr. Landry did not.  Mr. [Walter] Cowfer arrived later.

> The parties left Mr. Landry's home and went down the road to Mr. Arthur McClearn's apartment where they continued to drink and discussed the murder of Francis Landry. The parties returned to Mr. Landry's residence and drank for a while. Mr. Cowfer went to Mr. Landry's car in which he was sleeping and asked to use the car to go to Cupec's Lake. Although Mr. Landry did not want to go, Mr. Cowfer ordered Landry to get in the back seat or threated that he would put him in the back seat. Mr. Landry got out and moved into the back seat. Testimony revealed that Mr. Landry was being elbowed and hit in the chest area while seated between two people in the back seat. Testimony revealed that [Appellant and Cowfer] got out of the car at the lake and began walking down the path to the lake with Mr. Landry. Mr. Landry was complaining about his chest hurting and protesting to go any further [sic]. Landry was heard yelling and was seen going down over the hill to the lake which was about a 35 to 40 foot drop. Evidence revealed that Mr. Landry was in the lake treading water and yelling that he would give them $10,000.00 if 'they didn't do him.' Additional testimony revealed that rocks were being thrown at Mr. Landry. A huge rock which was set up on the bank, was rolled over the hill and appeared to hit Mr. Landry.

Commonwealth v. Vogt, No. 1291 PGH 1991, unpublished memorandum at 2-3. (Pa. Super. filed October 21, 1992).

Appellant, Cowfer, and McClearn were apprehended in Florida several days after the murder. The Commonwealth prosecuted Appellant, Zawodniak, Cowfer, Sopo, and McClearn for their roles in Landry's murder. Sopo pled guilty to conspiracy and McClearn pled guilty to third degree murder. In 1991, a jury found Appellant and Cowfer guilty of first-degree murder, robbery, theft by unlawful taking or disposition, kidnapping, and conspiracy.[1] The jury acquitted Zawdoniak. On June 17, 1991, the trial court sentenced Appellant

_____

[1] 18 Pa.C.S.A. §§ 2502(a), 3701(a)(1)(i), 3921(a), 2901(a)(3), 903(a), respectively.

to life in prison without parole. On October 21, 1992, this Court affirmed the judgment of sentence. On June 25, 1993, our Supreme Court denied allowance of appeal. Appellant's judgment of sentence became final on September 23, 1993, ninety days after our Supreme Court denied allowance of appeal. 42 Pa.C.S.A. § 9545(b)(3); United States Supreme Court Rule 13.

The present petition, Appellant's fifth, was filed on June 12, 2017, and is facially untimely. Section 9545 requires a petition to be filed within one year of the finality of the petitioner's judgment of sentence unless the petitioner can plead and prove, as is pertinent in this case, that the petition is predicated on previously unknown facts which could not have been discovered through due diligence. 42 Pa.C.S.A. § 9545(b)(1)(ii). Appellant alleges that he received a letter, dated May 17, 2017, from McClearn in which McClearn recanted his trial testimony implicating Appellant. Appellant claims the instant petition, filed within sixty days of his receipt of McClearn's letter, is timely under §9545(b)(1)(ii) and (2). The PCRA court dismissed the petition as untimely, concluding, without elaboration, that Appellant failed to demonstrate that the new evidence would have compelled a different verdict. Order of Court, 6/23/17, at 1-2 (citing 42 Pa.C.S.A. § 9543(a)(2)(vi)).

On appeal, we must determine whether the record supports the PCRA court's findings of fact, and whether the court committed an error of law. Commonwealth v. Phillips, 31 A.3d 317, 319 (Pa. Super. 2011), appeal denied, 42 A.3d 1059 (Pa. 2012). Pennsylvania courts "will not entertain a

- 3 -

second or subsequent request for PCRA relief unless the petitioner makes a strong prima facie showing that a miscarriage of justice may have occurred." Commonwealth v. Medina, 92 A.3d 1210, 1215 (Pa. Super. 2014), appeal dismissed, 140 A.3d 675 (Pa. 2016). Presently at issue is the timeliness of Appellant's petition. The PCRA's timeliness requirement is jurisdictional; the PCRA court has no jurisdiction to entertain an untimely petition. Commonwealth v. Williams, 35 A.3d 44, 52 (Pa. Super. 2011), appeal denied, 50 A.3d 121 (Pa. 2012). The petitioner bears the burden of proving that a timeliness exception applies. Commonwealth v. Marshall, 947 A.2d 714, 719-20 (Pa. 2008). The timeliness exception for newly discovered facts focuses on the facts themselves, not the source of the facts. Id. at 720. A petition will not satisfy § 9545(b)(1)(ii) if it is based on a "newly willing source for previously known facts." Id.

Instantly, the PCRA court committed a legal error in its analysis. In Commonwealth v. Bennett, 930 A.2d 1264 (Pa. 2007), our Supreme Court explained that "the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of 'after discovered evidence.'[8]"

[8] See, e.g., Commonwealth v. Small, 559 Pa. 423, 741 A.2d 666, 673 (1999) (the requirements of an after discovered evidence claim include, in relevant part, that the new evidence is not to be used for merely cumulative or impeachment purposes, i.e., that it is exculpatory; and that the new evidence is of such a nature that it would compel a different outcome if it had been introduced at trial).

Id. at 1270 n.8. Our Supreme Court further elaborated in Commonwealth v. Burton, 158 A.3d 618 (Pa. 2017):

> [T]he newly-discovered facts exception to the time limitations of the PCRA, as set forth in subsection 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S. § 9543(a)(2). To qualify for an exception to the PCRA's time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence.

Id. at 629. As noted above, the PCRA court dismissed Appellant's petition as untimely because he failed to demonstrate that the new evidence would have compelled a different outcome. Under Bennett and Burton, the possibility of a different outcome at trial is not relevant to the timeliness of a petition. In summary, the PCRA court erred in conflating the merits and timeliness analyses.

Despite the trial court's error, this Court is free to affirm an order on any valid basis. Commonwealth v. Janda, 14 A.3d 147, 161 n.8 (Pa. Super. 2011). We therefore consider the Commonwealth argument that McClearn's recantation letter is simply a new source of previously known facts. The Commonwealth claims that the facts asserted in McClearn's recantation letter are the same as those asserted in a 2010 affidavit from Zawdoniak.[2] Zawdoniak's affidavit was the subject of a prior PCRA petition. In a

_____

[2] In essence, Zawdoniak's affidavit and McClearn's recantation letter assert that Appellant was very intoxicated at the time of the murder and that he did not accompany other codefendants and the victim to the murder site.

memorandum filed October 9, 2011, this Court affirmed the dismissal of that petition, reasoning that Appellant failed to demonstrate due diligence in procuring Zawdoniak's affidavit. Commonwealth v. Vogt, No. 153 WDA 2011), unpublished memorandum at 5-6 (Pa. Super. filed October 9, 2011). The flaw in the Commonwealth's argument is that it ignores the fact of McClearn's alleged recantation of his trial testimony. The fact of recantation can, in and of itself, satisfy § 9545(b)(1)(ii). Medina, 92 A.3d at 1217-18.

Under these circumstances, we are constrained to vacate the PCRA court's order and remand for consideration of the timeliness of Appellant's petition in light of the PCRA statute, Burton, Bennett, Marshall, Medina, and related case law. Specifically, the PCRA court must proceed as necessary to determine whether Appellant has alleged newly discovered facts, whether he exercised diligence in discovering those facts, and whether he filed his petition within 60 days of the first date on which it could have been filed, in accord with § 9545(b)(2). We note the Commonwealth's observations that McClearn's letter is typewritten, not signed by hand, and that its date does not match the much earlier date on which the prison apparently received it. This Court cannot engage in fact finding regarding the letter's authenticity or the date of its receipt. The PCRA court must do so in the first instance. If the PCRA court finds that petition satisfies § 9545(b)(1)(ii), it may then address the petition on its merits.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/28/2018