J-S30041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICKY WELBORNE | : | |
| | : | |
| Appellant | : | No. 2761 EDA 2024 |

Appeal from the PCRA Order Entered September 27, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-1100541-2004

BEFORE:   OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED SEPTEMBER 12, 2025**

Ricky Welborne appeals *pro se* from the order dismissing, as untimely, his fifth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

As recounted by this Court in its decision affirming the dismissal of his fourth PCRA petition:

> On July 26, 2006, a jury convicted Welborne of first-degree murder and possession of an instrument of crime (["]PIC["]). The trial court sentenced Welborne to a mandatory term of life imprisonment on the murder conviction plus a concurrent term of 9 to 60 months on the PIC conviction. On appeal, this Court affirmed the judgment of sentence. *See Commonwealth v. Welborne*, 943 A.2d 325 (Pa. Super. 2007) (unpublished memorandum). Our Supreme Court denied Welborne's petition for allowance of appeal. *See Commonwealth v. Welborne*, 946 A.2d 688 (Pa. 2008).

_____

[*] Retired Senior Judge assigned to the Superior Court.

Welborne filed a timely *pro se* PCRA petition on November 17, 2008. The PCRA court appointed counsel, who filed an amended petition alleging ineffective assistance of trial counsel. The court dismissed the petition on September 3, 2010; on March 7, 2012, this Court affirmed. **See Commonwealth v. Welborne**, 47 A.3d 1236 (Pa. Super. 2012).

On June 11, 2012, several years after Welborne's judgment of sentence became final, he filed a second PCRA petition. On October 3, 2014, the PCRA court dismissed the petition as untimely. Welborne filed a notice of appeal on October 22, 2014, and by order dated October 27, 2014, the PCRA court directed him to file a concise statement of errors complained of on appeal pursuant to [Pennsylvania Rule of Appellate Procedure] 1925(b). Welborne failed to file his Rule 1925(b) statement, and the PCRA [court] issued a Rule 1925(a) opinion finding Welborne's claims waived. This Court agreed, and we affirmed the PCRA court's order. **See Commonwealth v. Welborne**, 3039 EDA 2014 (Pa. Super. filed March 4, 2016) (unpublished memorandum).

**Commonwealth v. Welborne**, 2018 WL 3569640 at *1 (Pa. Super., filed July 25, 2018) (unpublished memorandum) (footnote omitted). Ultimately, as to his fourth PCRA petition, we affirmed its dismissal, determining that Welborne "failed to exercise due diligence [as it pertained to the assertions raised in that petition] and, therefore, he ha[d] failed to invoke the newly-discovered [facts] exception to the statutory time[-]bar." **Id.** at *2.

Presently, in his fifth post-conviction petition, filed April 12, 2022, Welborne argued that he had overcome the PCRA's statutory time-bar by asserting a claim based on facts that were previously unknown to him and of which could not have been ascertained by the exercise of due diligence. **See** *Pro Se* Fifth PCRA Petition, 4/12/22, at 1. Accordingly, Welborne, conceding his petition's untimeliness, attempted to argue for substantive review by utilizing the newly-discovered facts exception, located at 42 Pa.C.S. §

9545(b)(1)(ii) (requiring a PCRA petitioner, filing a petition more than one year after the date a judgment of sentence becomes final, to plead and prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence").

Welborne's purported "fact" was his "recent discovery of the pattern and practices of the Philadelphia Police Department . . . of[, *inter alia*,] concealing and withholding exculpatory evidence; using coercive techniques in interviews and interrogations to obtain incriminating evidence; [and] fabricating evidence[.]" *Pro* Se Fifth PCRA Petition, 4/12/22, at 4. Welborne contended that a detective who worked on his case, Detective Richard Bova, "engaged in those very tactics and that those tactics plagued his trial." ***Id.***[1] Appended to his PCRA petition was a 2020 federal civil complaint, filed by an unrelated plaintiff, John L. Miller III, in the United States District Court for the Eastern District of Pennsylvania, which names Richard Bova as one of several

_____

[1] In particular, Welborne asserted, *inter alia*, that the detective obtained

> a statement from an alleged witness to the crime, Ronnie McQueen. In that statement[,] McQueen claimed to have witnessed [Welborne] shoot the victim after exiting the car. McQueen also identified [Welborne] from an array consisting of eight photographs. Noticeably missing from that statement is the signature of Ronnie McQueen confirming it contained his words, nor was any signed photo array ever provided to the defense. Detective Bova also secured a fabricated statement from Police Officer Jeffrey Cunningham corroborating the statement allegedly made by McQueen.

*Pro Se* Fifth PCRA Petition, 4/12/22, at 7.

defendants. That complaint asserted various causes of action against Detective Bova, alleging that he partook in the concealment and fabrication of evidence vis-à-vis a criminal case involving plaintiff Miller.

The PCRA court dismissed the instant petition as untimely because it found that Welborne both failed to the demonstrate a nexus between the assertions in the federal civil complaint with his allegations of police misconduct in his own case for purposes of applying the newly-discovered facts exception to the time-bar and failed to present his time-bar exception claim with the diligence required by 42 Pa.C.S. § 9545(b)(2). **See** PCRA Court Opinion, 9/27/24, 1-2.

In any appeal stemming from the denial of PCRA relief, our standard of review is limited to "whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error." **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Id.**

Before substantively reviewing Welborne's claims, we must consider his petition's timeliness because "if a PCRA petition is untimely, a trial court has no jurisdiction to entertain the petition." **Commonwealth v. Hutchins**, 760 A.2d 50, 53 (Pa. Super. 2000). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment [of sentence] becomes final" unless an exception to timeliness applies. 42 Pa.C.S. § 9545(b)(1). Welborne's fourth petition was adjudicated as untimely,

and his fifth is no different in that regard. Accordingly, he must have pleaded and proved the applicability of one of three statutory exceptions found at 42 Pa.C.S. § 9545(b)(1)(i)-(iii). In addition, pursuant to 42 Pa.C.S. § 9545(b)(2), he needed to have pleaded and proved that he filed the petition "within one year of the date the claim could have been presented." *Id.*

The only discernable newly-discovered "fact" adduced in his petition is the contents of the included federal civil complaint;[2] all of the other allegations lobbied against the Philadelphia Police Department, and, by extension, Detective Bova, that were contained in Welborne's petition are wholly unsubstantiated and, at best, speculative. Assuming *arguendo* that Welborne obtained the Miller civil complaint and filed a PCRA petition predicated thereon within one year of its discovery, said complaint merely contains *allegations* in an unrelated case. There are no "facts" contained within it demonstrating Detective Bova's misconduct, much less any misconduct directly germane to Welborne's own case. Welborne has, therefore, failed to proffer *any* newly-discovered facts, rendering him unable to meet the newly-discovered facts exception to the PCRA's time-bar. *See Commonwealth v. Hart*, 2025 WL 2159536 (Pa. Super., filed July 30, 2025) (unpublished memorandum) (holding that two unrelated civil complaints, filed against the Philadelphia Police Department and a detective involved in Hart's case, did not constitute

---

[2] Strangely, Welborne argues that "nowhere in the [PCRA] does it offer an exception to the time-bar. Indeed, pursuant to the plain language[,] a petition is either untimely or it[']s not." *Pro* Se Fifth PCRA Petition, 4/12/22, at 12.

"facts" within the meaning of the PCRA's newly-discovered facts exception to the time-bar).[3]

As Welborne has failed to overcome the PCRA's time-bar via the newly-discovered fact exception, we affirm the order dismissing his serial petition as untimely.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/12/2025

---

[3] **See** Pa.R.A.P. 126(b)(2) (unpublished decisions of this Court filed after May 1, 2019, may be cited for their persuasive value).