J-S19025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                      :            PENNSYLVANIA
                                                        :
                      v.                          :
                                                        :
JOHN A. KEYS                          :
                                                        :
                     Appellant         :      No. 2566 EDA 2024

Appeal from the PCRA Order Entered August 29, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-1000371-2005

BEFORE: PANELLA, P.J.E., STABILE, J., and BECK, J.

MEMORANDUM BY STABILE, J.:                 **FILED OCTOBER 21, 2025**

Appellant, John A. Keys, *pro se,* appeals the August 29, 2024, order of the Court of Common Pleas of Philadelphia County, that dismissed as untimely his petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

This Court set forth the factual background to this case when it decided and dismissed Appellant's prior serial PCRA petition in *Commonwealth v. Keys*, No. 2937 EDA 2007, unpublished memorandum (Pa. Super. April 22, 2009).

The procedural history is not at issue here. Relevant to the instant matter, Appellant filed the underlying PCRA petition on January 25, 2024. Upon review, the PCRA court, finding that the underlying petition was untimely, denied relief and dismissed the petition on August 24, 2024. This appeal followed.

Our standard of review from a PCRA court's determination is well settled. We must determine whether the ruling of the PCRA court is supported by the record and free of legal error. *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citing *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011). We consider the record in the light most favorable to the prevailing party. *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015). When supported by the record, this Court is bound by the PCRA court's credibility determinations. *Commonwealth v. Burton*, 158 A.3d 618, 627 n.13 (Pa. 2017). However, we afford no such deference to the PCRA court's legal conclusions, thus, applying a *de novo* standard of review to such rulings. *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011).

The PCRA mandates that any petition must be filed within one year of the date the judgment of sentence becomes final, unless the petitioner can establish one of three narrow statutory exceptions: (1) interference by government officials, (2) newly discovered facts, or (3) an after-recognized constitutional right that applies retroactively. These exceptions are codified in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). If a petitioner fails to invoke and prove one of these exceptions, courts are without jurisdiction to review the petition. *See, e.g., Commonwealth v. Branthafer*, 315 A.3d 113 (Pa. Super. 2024).

Here, it is undisputed that the underlying petition is facially untimely. Appellant's judgment of sentence became final on May 22, 2009, 30 days after we affirmed Appellant's judgment of sentence. Appellant therefore had one

- 2 -

year from May 22, 2009, to file a timely PCRA petition. The instant petition, which was filed on January 25, 2024, is facially untimely.

It is also undisputed that Appellant failed to plead and prove the applicability of any of the above exceptions. Indeed, Appellant concedes that the underlying petition is

> untimely on its face. Appellant did not plead any timeliness exception in his PCRA petition, nor does he argue [their] applicability. Instead, Appellant maintains that the decision in [**Commonwealth v. Shiffler**, 879 A.2d 185 (Pa. 2005)] requires reversal in the instant case, vitiates the verdict and eliminates all questions of waiver, timeliness and due diligence as bars to relief.

Appellant's Brief at 10.

Even if, as Appellant alleges, **Shiffler**[1] involves the legality of his sentence, we have repeatedly emphasized that "the timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein." **Commonwealth v. Keys** (**Brandon**), 328 A.3d 1141, 1147 (Pa. Super. 2024). This includes claims alleging violations of the Pennsylvania or the United States Constitutions, which are cognizable under the PCRA, but still subject to the time-bar unless an exception is proven. **See, e.g., Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."); **Commonwealth v. Turner**, 80 A.3d 754, 767 (Pa. 2013) (the constitutional

_____

[1] In **Shiffler**, our Supreme Court examined the propriety of a mandatory sentence under the Pennsylvania three strikes law.

dimension of the allegations does not shield the claim(s) from the PCRA jurisdictional time bar).

Because the underlying petition is facially untimely and Appellant has failed to plead and prove the applicability of one of the time-bar exceptions to the PCRA as noted above, we cannot address the merits of his underlying petition. *Id.*

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/21/2025