J-S21041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAUN CASEY FAIRMAN, | : | |
| | : | |
| Appellant | : | No. 1670 WDA 2019 |

Appeal from the PCRA Order Entered October 2, 2019
in the Court of Common Pleas of Indiana County
Criminal Division at No(s):  CP-32-CR-0001275-2012

BEFORE:  LAZARUS, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 21, 2020**

Shaun Casey Fairman ("Fairman") appeals from the Order denying his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The trial court previously summarized the factual history as follows:

[On May 22, 2012, Jessica Fairman ("Jessica") obtained a Protection from Abuse Order ("PFA") against Fairman, her husband, with whom she shared four children.]  On June 2-3, 2012, [Jessica] was at the marital residence with two of the couples' minor children [and] her parents[,] Richard E. Shotts [("Richard")] and Candice Shotts [("Candice") (collectively, "the Shottses")].  [The Shottses] were present because of the concern that [Fairman] would violate the [PFA] and appear at the residence.  [Candice] was also present to help [Jessica] prepare for a birthday party for one of the children[, which was] scheduled for the next day. …

[That night, Fairman] traveled to the marital residence. [Fairman] observed [Jessica]'s car in the driveway, as well as [the Shottses's] vehicles.  [Fairman] approached the home and walked up to the porch to the kitchen door [and] demand[ed] to see his

wife.  [Fairman] was armed with [a] Colt handgun and [a] 30.06 rifle.

[Richard, armed with a .22 caliber RG Industries double-action revolver, spoke with Fairman and denied Fairman entry into the home.]

After [Richard] denied [Fairman] entry into the home[, Fairman] attempted to force [open] the kitchen door without success.  He then fired the Colt into the door in an unsuccessful attempt to gain entry.  [Richard returned fire with] the [.22] caliber handgun into the wall between the kitchen window and the door.  [Fairman] then fired the Colt handgun through the kitchen window[,] striking [Richard] in the neck [and] causing his death.

[Fairman] then broke out the remaining portion of the kitchen window and crawled through the opening while in possession of both of his weapons.  [Fairman] then traveled through the kitchen[,] past [Richard's] body[,] and climbed the stairs to the second floor in search of [Jessica].

After the first shot was fired[, Jessica] called 911 to report the PFA violation.  [Jessica], her two children[,] and [Candice] took refuge on the steps leading to the attic[,] while [Jessica] positioned herself inside the attic door.  At this time[, Jessica] was armed with a New England [F]irearms .22 caliber double[-]action revolver.

When [Fairman] entered the upstairs bedroom[, Jessica shot Fairman twice in the shoulder.  Jessica] then held [Fairman] at gunpoint until the Pennsylvania State Police arrived and took [Fairman] into custody.

After being taken into custody[, Fairman] admitted [to police officers] that he fired the shot that killed [Richard]. [Fairman] claimed that it was unintentional.  [Fairman] also stated that it was his intent to kill himself in the presence of his wife.  In addition, [Fairman] stated he wanted to scare his wife.

Trial Court Opinion, 9/18/13, at 4-7.

On April 25, 2013, Fairman was convicted by a jury of one count each

of murder in the second degree and burglary, and two counts of aggravated

assault.[1] Fairman was sentenced to serve a mandatory life sentence for the

murder conviction, as well as an aggregate concurrent sentence of 5 to 20

years in prison for the remaining offenses. This Court affirmed his judgment

of sentence on February 7, 2014. *Commonwealth v. Fairman*, 97 A.3d 797

(Pa. Super. 2014) (unpublished memorandum).

This Court described what next transcribed as follows:

> On February 27, 2015, [Fairman, *pro se*,] filed a [P]etition for post-conviction relief. The PCRA court appointed counsel on March 27, 2015. Counsel filed an [A]mended [P]etition on January 4, 2016. The PCRA court held a hearing on the [P]etition on July 6, 2016. On November 15, 2016, the PCRA court … denied relief with respect to two issues raised by [Fairman] regarding alleged ineffective assistance by his trial counsel—the failure to file a motion to suppress statements made to the police, and the failure to argue case law when his plea agreement was rejected. However, the [PCRA] court granted [Fairman] relief on [his] third issue—that his appellate counsel was ineffective for failing to argue that the convictions for murder of the second degree and burglary were against the weight of the evidence.

*Commonwealth v. Fairman*, 182 A.3d 1266 (Pa. Super. 2017) (unpublished

memorandum at 2-3) (footnote, citation and quotation marks omitted). The

PCRA court concluded that Fairman's appellate counsel had not adequately

notified him regarding the status of his appeal, and reinstated Fairman's direct

appeal rights, *nunc pro tunc*.

On November 28, 2016, Fairman filed a *nunc pro tunc* Notice of Appeal.

On appeal, Fairman challenged the weight of the evidence and alleged that

---

[1] 18 Pa.C.S.A. §§ 2502(b); 3502(a); 2702(a)(1), (4).

trial counsel was ineffective for failing to file a motion to suppress Fairman's statements to police. On December 22, 2017, this Court concluded that it could not rule on Fairman's weight claim because Fairman had not first filed a post-sentence motion before the trial court challenging the weight of the evidence. *See Fairman*, 181 A.3d 1266 (unpublished memorandum at 4-6). This Court explained that the PCRA court's Order did not explicitly state whether it had restored Fairman's right to file a post-sentence motion. *Id.* (unpublished memorandum at 6). Consequently, this Court vacated the PCRA court's Order, and remanded for the PCRA court to clarify whether it had intended to restore Fairman's rights to file a post-trial motion raising the weight claim. *Id.* (unpublished memorandum at 6-7). Additionally, this Court concluded that it lacked jurisdiction to rule on Fairman's ineffective assistance of counsel claim because his judgment of sentence had not become final. *Id.* (unpublished memorandum at 7-8).

On remand, the PCRA court reinstated Fairman's post-sentence rights as well as his direct appeal rights, in order for Fairman to properly proceed on his weight claim. Fairman filed a post-sentence Motion challenging the weight of the evidence, which the trial court ultimately denied. On February 28, 2018, Fairman filed a direct appeal claiming that the verdict was against the weight of the evidence. On February 28, 2019, this Court affirmed Fairman's judgment of sentence, after which the Pennsylvania Supreme Court denied allowance of appeal on August 22, 2019. *See Commonwealth v. Fairman*,

209 A.3d 1107 (Pa. Super. 2019) (unpublished memorandum), ***appeal denied***, 217 A.3d 211 (Pa. 2019).

On August 27, 2019, Fairman filed a Motion to reinstate his previously-filed PCRA Petition. Specifically, Fairman sought to reinstate his PCRA Petition as to the issue of whether trial counsel rendered ineffective assistance by failing to file a motion to suppress Fairman's statements to police. On October 1, 2019, the PCRA court conducted a hearing,[2] and the parties agreed that no further testimony would be needed to supplement the July 6, 2016, PCRA hearing. On October 2, 2019, the PCRA court granted Fairman's Motion to reinstate his previously-filed PCRA Petition. In the same Order, the PCRA court denied Fairman's claim that trial counsel was ineffective for failing to file a motion to suppress Fairman's statements to police. Fairman timely filed the instant Notice of Appeal, as well as a court-ordered Concise Statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Fairman now presents the following claim for our review:

(1) W[hether] [d]efense [c]ounsel [was] ineffective [] when they failed to file a suppression motion to exclude any prejudicial/damaging statements [Fairman] made to the arresting officers, including his confession, while [Fairman] was intoxicated, [and] suffering the effects of blood loss and mental illness?

Brief for Appellant at 6.

---

[2] While the PCRA court references this October 1, 2019 hearing, the docket does not reflect that such a hearing occurred. Additionally, the record does not contain a transcript of this hearing.

Our standard of review of an order denying [a] PCRA [petition] is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011) (internal citations omitted).

Fairman argues that his trial counsel was ineffective in failing to file a motion to suppress his statements to the police. Brief for Appellant at 28. Fairman asserts that he did not knowingly and voluntarily waive his ***Miranda***[3] rights. ***Id.*** Specifically, Fairman contends that at the time he made the statements at issue, he had a blood alcohol content of 0.248, was on prescription medication for depression, and had lost blood as a result of suffering two gunshot wounds. ***Id.*** at 29-31. Further, Fairman claims that his trial counsel had no reasonable basis for failing to file a motion to suppress Fairman's statements. ***Id.*** at 32. Fairman acknowledges that counsel did not file the motion because the interrogation would demonstrate to the jury that Fairman was intoxicated. ***Id.*** Fairman claims that this decision lacked a reasonable basis because there were a multitude of witnesses who could have testified as to Fairman's level of intoxication. ***Id.*** at 32-33. Additionally, Fairman asserts that the interrogation was actually damaging to his defense because it showed Fairman as an angry and distressed man who was upset

---

[3] ***Miranda v. Arizona***, 384 U.S. 436 (1966).

with his wife. *Id.* at 31-32. Fairman contends that "[t]he jury viewed [Fairman] in a very angry state when he spoke of his wife, giving the Commonwealth motive." *Id.* at 33.

Counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on [the] appellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010).

> To satisfy this burden, an appellant must plead and prove by a preponderance of the evidence that[] (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness there is a reasonable probability that the outcome of the challenged proceeding would have been different. Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim.

*Commonwealth v. Holt*, 175 A.3d 1014, 1018 (Pa. Super. 2017) (internal citations and quotation marks omitted).

"[W]here a defendant alleges that counsel ineffectively failed to pursue a suppression motion, the inquiry is whether the failure to file the motion itself is objectively unreasonable, which requires a showing that the motion would be meritorious." *Commonwealth v. Johnson*, 179 A.3d 1153, 1160 (Pa. Super. 2018). "[T]he defendant must establish that there was no reasonable basis for not pursuing the suppression claim and that if the evidence had been suppressed, there is a reasonable probability that the verdict would have been more favorable." *Commonwealth v. Melson*, 556 A.2d 836, 839 (Pa. Super. 1989).

Instantly, the PCRA court found "a strategic basis exists for [not] suppressing [Fairman]'s statements or video interview because that very evidence shows [Fairman]'s high degree of intoxication." PCRA Court Opinion and Order, 11/15/16, at 4 (unnumbered). The record supports the PCRA court's finding. Notably, at the PCRA Hearing, Fairman and the Commonwealth entered the following stipulation:

> [PCRA Court]: And the [] stipulation is that in regards to the failure to file a motion to suppress the statements based upon the intoxication, mental health issues[,] and physical injuries, that trial counsel's strategy was that they wanted [Fairman's interrogation video] to come in [as evidence] in an effort to reduce first[-]degree murder to third[-]degree murder; is that correct?
>
> [The Commonwealth]: Yes, your honor.
>
> [PCRA Court]: And we are agreeing that that[?] All right. Okay…. Any other issues or anything that we need to discuss then?
>
> [PCRA Counsel]: No, your honor.

N.T. (PCRA Evidentiary Hearing), 7/6/16, at 12-13.

We agree with the PCRA court's conclusion that trial counsel had a reasonable basis for not filing a motion to suppress. *See Melson, supra*; *see also Holt, supra*. Thus, Fairman has failed to prove that his trial counsel lacked a reasonable basis for his actions, and the PCRA court did not abuse its discretion when it determined that Fairman's trial counsel was not ineffective. *See Rivera, supra*; *Holt, supra*. Accordingly, we cannot afford Fairman relief on his claim.

Based on the foregoing, we affirm the PCRA court's Order denying Fairman's Petition.

- 8 -

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  07/21/2020