J-S37011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LEON FLEETWOOD | : | |
| | : | |
| Appellant | : | No. 68 EDA 2019 |

Appeal from the PCRA Order Entered November 19, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division
at No(s):  CP-51-CR-0008910-2009

BEFORE:  SHOGAN, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    **FILED NOVEMBER 06, 2020**

Appellant, Leon Fleetwood, appeals from the November 19, 2018 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The PCRA court aptly summarized the factual and procedural background, as follows:

Appellant was arrested on February 17, 2009[ ,] and charged with [murder, firearms not to be carried without a license, carrying firearms in public in Philadelphia, reckless endangerment, and possession of an instrument of crime[1]] in relation to the murder of Khalif Bradford on January 6, 2009[,] at approximately 5:26 PM at 4445 Holden Street in the City of Philadelphia.  Specifically, Appellant admitted to entering the lobby of the high-rise building, opening fire on the decedent, and then continuing to fire as the decedent attempted to flee.  Mr. Bradford subsequently died when one of the shots pierced his left lung, and both ventricles of his heart. (N.T. 11/8/10, pgs. 15-19).  On November 8, 2010,

_____

[1] 18 Pa.C.S. §§ 2502, 6106, 6108, 2705, and 907, respectively.

Appellant entered into a negotiated guilty plea before the Honorable Renee Cardwell Hughes to third degree murder, carrying a firearm on public streets, firearms not to be carried without a license, possessing an instrument of crime and recklessly endangering another person. Pursuant to the terms of the negotiation, the [c]ourt imposed an aggregate sentence of 25 to 50 years imprisonment.

On October 14, 2011, Appellant filed a PCRA petition. First PCRA counsel, Janice Smarra, Esq., filed a *Finley* letter followed by a supplemental PCRA petition requesting an evidentiary hearing regarding Appellant's purported request to trial counsel to file a direct appeal. Following an evidentiary hearing on October 8, 2013, the Honorable Benjamin Lerner denied Appellant's petition without a hearing.

On June 13, 2017, Appellant filed his instant PCRA petition. Following the filing of a response by the Commonwealth, Appellant filed a Supplemental PCRA on July 17, 2018. On September 21, 2018, this [c]ourt, pursuant to Pa.R.Crim.P. 907, filed a Notice of Intent to Dismiss [Appellant's] PCRA petition. Following the formal dismissal of the petition on November 19, 2018, [Appellant filed] a timely Notice of Appeal.

PCRA Court Opinion, 9/6/19, at 1–3.

In Appellant's second supplemental PCRA petition, which underlies this appeal, he avers that he became aware of after-discovered evidence concerning Philadelphia Police Detective Ronald Dove, one of the detectives involved in the investigation of Appellant's case. PCRA Petition, 7/17/18, at ¶¶ 21–27. Specifically, Appellant claims that Detective Dove's 2017 conviction—for withholding information and tampering with evidence in the investigation of Detective Dove's girlfriend—entitles Appellant to relief because Detective Dove was the detective assigned to his case and oversaw the collection of evidence at the crime scene. *Id.* at ¶¶ 10–13. Appellant

asserted that "[b]ut for Detective Ronald Dove's actions in fabricating and contaminating the crime scene, implicating [Appellant's] guilt, and directing other detectives to use coercive tactics on [Appellant] to try and obtain incriminating information, he would never have agreed to plead guilty." *Id.* at ¶18. [2] He further contends that had trial counsel known of this, he would not have permitted Appellant to enter a guilty plea and, suggests had the court known, it would not have accepted Appellant's plea. *Id.* at ¶¶ 38(e), 39(b).

On July 20, 2018, the PCRA court denied Appellant's petition. Both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue:

Did the trial court err, abuse its discretion, and/or make a mistake of law when it denied Appellant's Post Conviction Relief Act ("PCRA") petition for relief based on newly discovered evidence, on November 19, 2018, without an evidentiary hearing, as impeachment evidence only material, which is also barred as being untimely filed, when the PCRA petition alleged misconduct in the habit and routine practice of the Homicide Unit and Detective Ronald Dove?

Appellant's Brief at 2 (*verbatim*). [3]

_____

[2] Appellant claims that other law enforcement personnel, at Detective Dove's direction, denied Appellant food, water, and restroom breaks for hours, attempting to coerce him into making a statement. Supplemental PCRA Petition, 7/17/19, at ¶ 14. Other than this bald assertion, Appellant's supplemental petition is devoid of any facts supporting this allegation.

[3] To the contrary, the PCRA court determined that Appellant's petition was timely filed. *See* PCRA Court Opinion, 9/6/19, at 3 ("Appellant's claim is timely.").

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id.** "With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015).

Additionally, a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013).

As noted above, Appellant entered a negotiated guilty plea on November 8, 2010, and did not file a direct appeal. Thus, Appellant's judgment of sentence became final on December 8, 2010, thirty days after the entry of his negotiated plea. **See** 42 Pa.C.S. § 9545(b)(3) ("For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). Therefore, Appellant had to file a PCRA petition by December

- 4 -

8, 2011, in order for it to be timely. Appellant's second PCRA petition, filed more than five years later, on June 13, 2017, is patently untimely.

Nevertheless, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met. Pursuant to Section 9545(b):

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S.

§ 9545(b)(2).[4] It is well established that the burden is on the petitioner to prove that one of the timeliness exceptions applies. **Commonwealth v. Marshall**, 947 A.2d 714, 719 (Pa. 2008). Further, Section 9545(b)(1)(ii) "requires [a] petitioner to allege and prove that there were 'facts' that were 'unknown to him' and that he could not have ascertained those facts by the exercise of 'due diligence.'" **Id.** at 720 (emphasis omitted).

In the instant case, Detective Dove pleaded guilty on April 26, 2017, and Appellant filed the instant PCRA petition on June 13, 2017, which was within sixty days of Detective Dove's guilty plea. Accordingly, Appellant's PCRA petition, in which he alleged newly-discovered facts under Section 9545(b)(1)(ii), was filed within sixty days pursuant to Section 9545(b)(2). We conclude that Detective Dove's convictions were necessarily unknown to Appellant and could not have been ascertained through due diligence because the convictions did not occur until April 26, 2017. Therefore, we discern no error in the trial court concluding that it had jurisdiction to adjudicate Appellant's facially untimely PCRA petition, as Appellant satisfied the exception under 42 Pa.C.S. § 9545(b)(1)(ii).

---

[4] Section 9545(b)(2) was amended, changing the amount of time a PCRA petitioner has to present a claim under Section 9545(b)(1) from sixty days to one year from the time the claim could have been presented. This change applies only to claims arising on or after December 24, 2017. 42 Pa.C.S. § 9545(b)(2), cmt. Herein, Appellant's claims arose on April 26, 2017, when Detective Dove pleaded guilty. Consequently, the amended statute is not implicated and the sixty-day period applies.

Although Appellant satisfied the newly discovered facts exception to the PCRA's timeliness requirements, in order to be eligible for substantive relief in the form of a new trial, Appellant must meet additional requirements. *See Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (stating that once jurisdiction is established under 42 Pa.C.S. § 9545(b)(1)(ii), a PCRA petitioner may then present the substantive claim of after-discovered-evidence pursuant to 42 Pa.C.S. § 9543(a)(2)(vi)); *see also Commonwealth v. Burton*, 158 A.3d 618, 628-629 (Pa. 2017) (the nature of the after-discovered facts is relevant to our disposition). Our Supreme Court explained:

> the newly-discovered facts exception to the time limitations of the PCRA, as set forth in subsection 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S. § 9543(a)(2). To qualify for an exception to the PCRA's time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence. However, where a petition is otherwise timely, to prevail on an after-discovered evidence claim for relief under subsection 9543(a)(2)(vi), a petitioner must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

*Burton*, 158 A.3d at 629.

In the instant case, the PCRA court concluded as follows:

[Appellant] contends that [the evidence of Dove's conviction] would have been admissible to show that Dove tampered with evidence in the instant case and coerced him into giving an inculpatory statement. Further, [Appellant] contends that Dove's

- 7 -

misconduct when combined with evidence concerning a civil suit against Lt. Philip Riehl, Detective George Pirrone, and Detective James Pitts regarding their actions in a 2012 case, and a separate 2012 incident involving the removal [of] Captain John McCloskey of the 35th Police District Police Division and Inspector Aaron Horne of Northwest Police Division[1] would have established a pattern of misconduct within the Homicide Unit of the Philadelphia Police. He asserts that had he known of these scandals he would not have pleaded guilty in the present matter.

> [1] With respect to the allegations concerning Captain McCloskey and Inspector Horne, [Appellant] cites only a newspaper article eluding to the allegations. The Pennsylvania Supreme Court has previously determined that newspaper article[s] are not "evidence" supporting an after–discovered evidence claim. ***Commonwealth v. Castro***, [93 A.3d 818, 821 n.7 Pa. 2014)].

* * *

Further, the proffered evidence concerning Detective Dove pertains to the attempts by the detective to hinder the apprehension of his girlfriend in 2015. Appellant has offered no evidence that Detective Dove had a romantic involvement with any of the parties in the instant case or that he was engaging in any sort of similar misconduct in 2009, when the instant case was investigated. Nor has he proffered any evidence that Detective Dove's conduct was in anyway intertwined with the separate cases involving Lt. Riehl, Detective Pirrone, Detective Pitts, Captain McCloskey and Inspector Horne. Indeed, McCloskey and Horne were not related to the Homicide Unit in any way.

Even more fundamentally, Appellant's PCRA petition and supplemental petition fail to proffer any evidence that Detective Dove played a role material to the investigation and prosecution of the instant case. While the crime scene log indicates that Detective Dove was the investigator "assigned at the scene" (see Crime Scene Unit Report MIL-09-0014 attached to amended petition filed 7/17/18), the Crime Scene Unit Report and property receipts attached to Appellant's petition indicate the scene was processed and evidence recovered by Officers John Taggart and Michael Maresca of the Crime Scene Unit - not Det. Dove.[2]

[2] Appellant has provided no evidence to support his assertion that Officers Taggart and Maresca were part of [a] larger conspiracy directed by Det. Dove.

Appellant, likewise, claims that Detective Dove coerced him into giving a statement but has failed to show that a statement even exists. No statement was referenced in the factual basis given at the time of Appellant's plea on November 8, 2010. The Commonwealth's letter brief submitted on March 8, 2018, indicates that a review of the DA trial file revealed that Detective Dove was not the assigned investigator for Appellant's case, did not arrest Appellant, and did not take a statement from him. Indeed, the Commonwealth's letter brief indicates that Appellant surrendered to police in the company of his attorney, Richard Giuliani, and did not give a statement. (Commonwealth's Letter Brief filed March 8, 2018, p. 1). [Appellant's] claim, therefore, is frivolous and warrants no relief.

PCRA Court Opinion, 9/6/19, at 4–6.

On appeal, Appellant asserts that the information concerning Detective Dove's convictions would not be used solely for impeachment purposes. Appellant's Brief at 8. Appellant argues instead that the evidence of Detective Dove's misconduct is admissible under Pa.R.E. 406 as indicative of Detective Dove's habit or practice in conducting police work, and, as such, is distinguishable from impeachment evidence. *Id.* at 12. We disagree.

"For evidence of habit to be admissible, the habit must have occurred with sufficient regularity to make it probable that it would be carried out in every instance or in most instances." *Commonwealth v. Harris*, 852 A.2d 1168, 1178 (Pa. 2004) (citation omitted). Moreover, this Court has explained, "Habit refers to the type of nonvolitional activity that occurs with invariable regularity. It is the nonvolitional character of habit evidence that

makes it probative. Thus, habit is a consistent method or manner of responding to a particular stimulus. Habits have a reflexive, almost instinctive quality." *Sutch v. Roxborough Memorial Hospital*, 151 A.3d 241, 252 (Pa. Super. 2016) (citations omitted).

The specifics of Detective Dove's malfeasance clearly are not encompassed in this description of Pa.R.E. 406 habit or practice evidence. The only substantiated evidence of wrongdoing by Detective Dove is related to the criminal charges and eventual conviction arising from Detective Dove's interference with his girlfriend's arrest. This one situation, unseemly though it might be, does not demonstrate that Detective Dove had a habit of obstructing justice. Accordingly, unless Appellant can establish a sufficient nexus to his case, Detective Dove's convictions would be used only for impeachment purposes. *See Commonwealth v. Johnson*, 179 A.3d 1105, 1123 (Pa. Super. 2018) (former Detective Dove's criminal convictions that occurred years after Appellant's trial have no bearing on Appellant's own case).

As the PCRA court correctly observed, Appellant "fail[ed] to proffer any evidence that Detective Dove played a role material to the investigation and prosecution of the instant case." PCRA Court Opinion, 9/6/19, at 5–6. Appellant presented no supporting evidence and merely alleged in the filings in this matter that Detective Dove mishandled evidence and compromised the integrity of the investigation of Appellant's case. Absent evidence that

Detective Dove did anything inappropriate in relation to Appellant's criminal case, Appellant cannot show that the evidence of Detective Dove's convictions influenced Appellant's prior decision to plead guilty. *See Commonwealth v. Foreman,* 55 A.3d 532, 537–538 (Pa. Super. 2012) (finding the appellant failed to satisfy fourth prong of after-discovered evidence test where the appellant filed to show any nexus between his case and criminal charges filed against case officer on unrelated matter.).

Finally, a review of Appellant's guilty plea hearing demonstrates that he entered his plea knowingly, intelligently, and voluntarily. In addition to acknowledging that he reviewed the written guilty plea colloquy with counsel, N.T. (Guilty Plea), 11/8/20, at 5, Appellant underwent an oral colloquy that again informed him of the rights he had and those he was waiving by pleading guilty. *Id.* at 3–10. More importantly, the record establishes that Appellant entered his plea knowingly, intelligently, and voluntarily. There simply is no evidence that Appellant would not have pleaded guilty here if he had been aware that Detective Dove was engaged in criminal conduct.

For the reasons set forth above, we conclude that Appellant is not entitled to relief. Accordingly, we affirm the November 19, 2018 order denying Appellant's second PCRA petition.

Order affirmed.

Judge Nichols did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/6/20