J-S21042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER YOUNG | : | |
| | : | |
| Appellant | : | No. 2694 EDA 2024 |

Appeal from the PCRA Order Entered August 29, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0503112-1999

BEFORE:   KUNSELMAN, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED SEPTEMBER 3, 2025**

Christopher Young appeals *pro se* from the order dismissing, as untimely, his serial petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Young, *inter alia*, asserts that he properly invoked the "governmental interference" and "newly discovered facts" exceptions to the PCRA's jurisdictional time-bar. ***See id.*** § 9545(b)(1)(i-ii). We affirm.

As adopted by this Court in a prior PCRA appeal,

On December 12, 1998, Christopher Young, Dameon Ellis, and another unidentified man, clad in dark hooded sweatshirts and armed with semiautomatic weapons and a sawed-off shotgun, approached the corner of Park and Pike Streets in Philadelphia. A few days earlier, Young had encountered an old friend, Michael Brown, on the street. Brown informed Young that he recently had

_____

[*] Retired Senior Judge assigned to the Superior Court.

been winning money gambling on the corner of Park and Pike Streets. On the night in question, Young and his cohorts went to Park and Pike streets to rob Brown. The three men approached the group of street gamblers and asked Brown to take a walk to a darker area of the street. When Brown refused, Ellis pulled a gun. Brown then pushed Young, turned to run away, and was shot in the right buttocks. Another of the gamblers, Kasimir Devine, was shot in the chest and a third gambler, Shawn Pitts, was killed.

*Commonwealth v. Young*, 2015 WL 7573046 at *1 (Pa. Super., filed Jan. 22, 2015) (unpublished memorandum). Having been found guilty by a jury of first-degree murder, two counts of attempted murder, criminal conspiracy, and possessing an instrument of crime ("PIC"),[1] Young received a term of life imprisonment for first-degree murder. In addition, "the court imposed a consecutive term of 10 to 20 years' imprisonment for conspiracy, concurrent terms of 10 to 20 years' imprisonment for each attempted murder charge, and a concurrent term of one to two years' imprisonment for PIC." *Id.*

This Court affirmed Young's judgment of sentence on February 15, 2002, and our Supreme Court ruled the same on May 27, 2004. *Commonwealth v. Young*, 797 A.2d 1027 (Pa. Super. 2002) (table) (569 EDA 2001), *aff'd*, 849 A.2d 1152 (Pa. 2004). Following his direct appeal, Young filed several PCRA petitions that were all dismissed.

Young filed the present PCRA petition on February 14, 2024. Therein, he alleged that on April 29, 2023, his sister informed him that Michael Brown,

_____

[1] *See* 18 Pa.C.S. §§ 2502, 901, 903, and 907, respectively.

the victim who identified Young from a photo array and testified against him both at his preliminary hearing and at trial, "took a guilty plea to some charges in 2000." PCRA Petition, 2/14/24, at 2. Further inquiry into Brown's public docket sheet led Young to discover that Brown was arrested on April 12, 2000, for drug-related offenses. *See id.* Young also notes several of Brown's guilty pleas to those drug-related charges, occurring in the mid-2000s, some of which resulted in probation. *See id.*[2] Nevertheless, Young concedes that he knew of Brown's charges at his own trial. *See, e.g.*, *id.* at 3 ("On November 2nd[,] 2000[,] at Young's trial during opening arguments[,] trial counsel Jack McMahon, referring to Brown[,] stated that . . . 'because today, he has two open cases for selling drugs.'") (some alteration in original). Young then concludes that the Commonwealth gave Brown "an implied agreement of leniency to ensure he follows through cooperating [and] testify[ing] against Young at his murder trial." *Id.* However, he claims he was never informed of this supposed agreement, thereby, in his view, entitling him to relief under *Brady v. Maryland*, 373 U.S. 83 (1962). He additionally asserts an ineffective assistance of counsel claim regarding trial counsel's failure to probe into the possibility of a leniency deal between Brown and the Commonwealth. *See* PCRA Petition, 2/14/24, at 3-4.

---

[2] Young does not explain why or how he was foreclosed from discovering the information regarding Brown's charges, plea deals, and sentences at an earlier juncture and conceded he did, in fact, know of Brown's charges at trial.

Ultimately, after issuing a notice of its intent to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 907, the court dismissed, without a hearing, his petition on August 29, 2024, finding it untimely.[3] Young timely appealed from this dismissal order.[4]

On appeal, Young asserts, *inter alia,* that the court erred in denying his request for an evidentiary hearing because he properly asserted claims for the applicability of both the governmental interference and newly discovered fact exceptions to the PCRA's time-bar provision. **See** Appellant's Brief, at 4.

"Our standard of review for an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error." **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Id.**

Our preliminary concern is the timeliness of Young's petition because "if a PCRA petition is untimely, a trial court has no jurisdiction to entertain the petition." **Commonwealth v. Hutchins**, 760 A.2d 50, 53 (Pa. Super. 2000).

_____

[3] In essence, the court found that, notwithstanding Young's inclusion of "docket sheets, court summaries, and an excerpt from the notes of testimony from Brown's trial," PCRA Court Opinion, 8/29/24, 1-2, none of those documents provided any indicia of an agreement between Brown and the Commonwealth, much less the concealment thereof.

[4] The PCRA court did not direct Young to file a statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment [of sentence] becomes final" unless an exception to timeliness applies. 42 Pa.C.S. § 9545(b)(1).

Young's judgment of sentence became final on August 25, 2004, ninety days after the Pennsylvania Supreme Court affirmed his convictions on direct appeal, and Young failed to petition the United States Supreme Court for review. *See* 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13.1. Accordingly, Young had until August 25, 2005, to file a timely PCRA petition. However, Young filed the present petition in 2024, rendering it facially untimely.

To obtain review of his untimely PCRA petition, Young was required to plead and prove the applicability of one of three statutory exceptions that are found at 42 Pa.C.S. § 9545(b)(1)(i)-(iii). In addition, pursuant to 42 Pa.C.S. § 9545(b)(2), he needed to plead and prove that he filed the petition "within one year of the date the claim could have been presented." *Id.*

Young purports to invoke the "governmental interference" and "newly discovered facts" exceptions to the PCRA's time-bar.[5] The governmental interference exception requires the petitioner to allege and prove that "the

---

[5] We note that Young's brief blurs the lines between both exceptions, with some sections referring to them both concurrently. *See, e.g.*, Appellant's Brief, at 25 ("[The PCRA court] erred by incorrectly applying the standard of review applicable to a newly discovered fact claim, more specifically, the pleading requirement of due diligence when adjudicating petitioner's government interference claim.") (formatting altered).

failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]" 42 Pa.C.S. § 9545(b)(i). The newly discovered facts exception requires the petitioner to allege and prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" *Id.* 9545(b)(ii).

Young contends that Brown, having been charged with three drug offenses carrying mandatory minimums, received inherent benefits insofar as two of his cases were demandatorized, and one was *nolle prossed*. **See** Appellant's Brief, at 20. The existence of these purported sentencing benefits, when juxtaposed against the fact that he testified against Young in his case, demonstrate governmental interference insofar as the government did not disclose what is, to Young, obviously a *quid pro quo*. **See id.**

After a thorough review of his submissions, including the attachments appended to his PCRA petition, we find that Young failed to prove the existence of an agreement between the Commonwealth and Brown. Simply put, the documents provided are not self-proving of any agreement, and no logical inferences derived therefrom create even the possibility of any such agreement. Further, Young fails to specifically identify the indicia of such an agreement within those documents, except for pointing to the documents' mere existence. As such, Young's claim of governmental interference, and by

extension his newly discovered facts assertion as it is dependent upon the same facts, is predicated on what can only be considered speculation, conjecture, and innuendo. Indeed, his own references to the purported agreement are qualified with the word "implied." ***E.g.***, Appellant's Brief, at 8. Absent any discrete support "for these bare allegations," ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008), Young has failed to satisfy his burden to prove either that the governmental interference exception, in fact, applies to his substantive claim or that a newly discovered fact relevant to his underlying assertion exists to surmount the PCRA's time-bar. Accordingly, absent any validity to either of Young's alleged exceptions, we affirm the order dismissing his serial PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/3/2025